Dodd *vs.* Mayson.

---

P. & G. T. DODD, plaintiffs in error. THOMAS C. MAYSON, defendant in error.

1. A receipt in full against a merchant's account is not conclusive evidence of a full settlement between the parties and may be rebutted by satisfactory evidence that an item in the account was left out by accident, mistake, or the like.

2. When the receipt was given by the book-keeper, after reference to the ledger, and it was afterwards claimed that a barrel of sugar, which had been delivered by the Clerk to the defendant, was left out by mistake, because the entries upon the blotter for the day on which it was delivered had not been transferred to the ledger, and the defendant swore he paid for the sugar, when he got it, and both members of the firm, and all their clerks, swore, each, that he did not pay it to him, and the ledger was admitted in evidence without objection, and the plaintiffs offered their blotter in evidence, in corroboration of their testimony, to show that the barrel of sugar was charged upon it, and the book-keeper was ready and offered to swear that the entry was made at the time the sugar was delivered: *Held,* That it was error in the Court to reject the blotter, and refuse to let it go in evidence to the jury.

*Certiorari.* Verdict contrary to evidence. Before Judge POPE. Fulton Superior Court. May Term, 1869.

P. & G. T. Dodd sued Mayson, in the Justice's Court, for the price of a barrel of sugar. Mayson obtained a verdict, and an appeal was entered. On the appeal trial, Mr. Howell, one of plaintiff's clerks, testified to the sale of the sugar, its price and the date of the sale. What the date was, does not appear. Mayson then testified, that at said time he bought the sugar and a barrel of flour, but upon second thought concluded not to take the flour, had it put back, and then went to the railing enclosing the book-keeper's desk, and saying, " here, I will pay you for the sugar," laid down the money on the railing and walked out; that a few days afterwards Howell presented plaintiff's account against him, which had stood for some time, but because it was not full, had no items, credit, etc., he did not pay it, but asked Howell to have the book-keeper make it out in full ; after that, he went to the store and the book-keeper presented his account: " To balance on merchandize to date, 18th April, 1867, $12 70," and he paid it and t̶o̶ ̶i̶t̶ receipted ; he said he did not remember who was in̶ said railing at the time of the first payment, though several men were there, nor could he swear that the attention of any one of them was given to his leaving the money there. Said receipt was read in evidence. In rebuttal the book-keeper testified that Mayson did not pay him, that the receipt was for entries from the ledger, and that the sugar was not in it, because it had not been posted from the blotter into the ledger. They then offered in evidence the blotter and ledger. The ledger was allowed but the blotter was rejected. This blotter showed on the date of said sale a barrel of flour and one of sugar charged to Mayson with an erasure of the flour, and plaintiff offered to show by the book-keeper that he made these entries and this erasure on the blotter at the time of the sale, and made the erasure because Howell told him Mayson would not take the flour. This evidence was rejected. Said plaintiffs and each of their other clerks testified that Mayson never paid either of them for the sugar.

The Justice charged the jury, that Mayson's putting the money on the railing, would be no payment unless he gave the money to plaintiffs, or one of their clerks or agents, in

such a way that such person saw the money, and understood that it was in payment. The jury found for the defendant. Plaintiffs' counsel sued out a *certiorari*, averring that the Justice erred in rejecting said evidence, and because the verdict was strongly and decidedly against the weight of the evidence. The Judge below, after argument had, dismissed the *certiorari*, and that is assigned as error.

HILLYER & BROTHER, for plaintiff in error, cited 25th Ga. R., 586–7–8–9.

L. J. GLENN & SON, for defendant, cited, as to disturbing verdicts, Irwin's Code, sec. 3666; 20 Ga. R., 50; 37th, 102, 188, 235, 258, 459; 36th, 246, 332, 595; 29th, 628; 38th 129; 30th, 690; 20th, 365; Irwin's Code, sec. 3724, as to admissibility of blotter, etc., and 25th Ga. R., 568, as to *de minimis lex non curat.*

BROWN, C. J.

1. It is a well settled rule of law that a receipt in full of a merchant's account is not conclusive, but it may be rebutted by evidence which satisfies the Court and jury that an item of the account was left out by accident, mistake, or the like.

2. It was not denied in this case that the receipt in full was genuine, and was given by the book-keeper of the plaintiffs. But it was insisted that it was given under a misapprehension of the facts, and that a barrel of sugar which was not embraced in the account, to which the receipt was intended to apply, was left out by mistake, growing out of the fact that the entries upon the blotter of the day on which the sugar was delivered had not been transferred to the ledger. The defendant swore that when he got the sugar, he went to the railing around the book-keeper's desk, near the door, and saying, " here, I will pay you for the sugar," he laid the money on the railing and came out. On cross-examination he stated that he could not remember who were there at the book-keeper's desk when he laid the money on the railing; there were several men inside the railing, near the desk,

but he could not name one of them, and could not swear positively that the attention of any man connected with the house of plaintiffs was called to the money when he laid it on the railing.

To rebut this evidence of payment, as well as the receipt, each of the partners of the firm, and all their clerks, were sworn as witnesses for plaintiff, and each testified that defendant did not pay him for the barrel of sugar. The bookkeeper (Mr. Ford) swore that the items in the receipted account were taken from the ledger, and that the reason the item of one barrel of sugar did not appear on the account was, because that item had not been posted from the blotter to the ledger. The ledger was then tendered in evidence to show that at the time the receipt was given to defendant the sales of the day on which the barrel of sugar was shown to have been bought, had not been posted from the blotter to the ledger. The correctness of the entries being sworn to by Ford, the book-keeper, the Court permitted the ledger to go in evidence to the jury. Plaintiffs then offered in evidence the blotter to show that on the day on which the barrel of sugar was shown to have been bought, there was upon it an entry of a barrel of sugar and a barrel of flour, and that the item of one barrel of flour was erased with red ink, and offered to prove by Ford that the entry was made *at the time* the goods were purchased ; that he first entered the two items, the barrel of flour, and the barrel of sugar, that a moment or two after he made the entry, Howell, the salesman, told him the barrel of flour had been returned, and he immediately drew 'a red ink mark across the item, "one barrel of flour." The Court ruled out, both the blotter and this evidence of Ford, as to the time when the entry was made, and refused to permit the jury to consider either. We think this was error.

No objection had been made to the introduction of the ledger, on the ground that plaintiffs had not shown that they kept correct books, and it had gone in evidence to the jury. The blotter was the book of "original entries," and we can see no reason why the ledger should have been admitted and

the blotter excluded. Indeed, we think both should have gone to the jury, together with the evidence of all the witnesses who had been sworn, and that Ford should have been permitted to testify as to the time when the entry was made upon the blotter and the circumstances under which it was made, in connection with his statement that he did not receive payment for the barrel of sugar at that or any other time. ·

As the question in dispute in this case was, whether the sugar was paid for on delivery, and the evidence was in conflict, I see no reason why the entry made by the book-keeper upon the blotter *at the time of the purchase* was not admissible in corroboration of the evidence of the salesman and book-keeper, as part of the *res gestæ.* In any event, we are all agreed that the Justice's Court erred in rejecting the evidence, and the Superior Court erred in dismissing the *certiorari.* We therefore reverse the judgment of the Superior Court, and direct that a new trial be ordered in the Justice's Court.

Judgment reversed.