*R. L. Merritt, solicitor,* contra.

---

### 10677.  SMITH *v.* CHEROKEE FERTILIZER COMPANY.

LUKE, J.  1. If one who has several different demands against another accepts payment of one or more and gives a receipt therefor, there being at the time no mention of the other demands, a mere recital in the receipt that it is in full payment of all claims to date is without consideration so far as relates to an unsettled note signed by the party making the payment and another which was not mentioned nor in the minds of the parties at the time of such settlement, and the signing of the receipt does not estop the holder of the unsettled demand from asserting that demand; nor does the signing of the receipt render it incumbent upon the holder of that demand to refund the money received upon the settlement as to the disputed claims.  See *Armour* v. *Ross,* 110 *Ga.* 403 (7), 415 (35 S. E. 787).

2. The undisputed evidence in this case is that Cherokee Fertilizer Company had a suit pending against Smith for several thousand dollars and a settlement of that case was had between the parties and the case marked settled upon Smith's paying certain money and delivering certain stock to Cherokee Fertilizer Company.  The payment was made and received in full settlement of that claim.  Subsequently the present suit was instituted upon a note signed by Smith and another, which was not mentioned by either of the parties at the time of the settlement. In fact the attorneys representing both parties testify that neither of them knew about this note.  The defendant Smith pleaded that there was a full settlement because of the receipt referred to.  Upon the facts the court did not err in directing a vrdict for the plaintiff for the amount of the note sued upon.

Judgment affirmed.  *Broyles, C. J., and Bloodworth, J., concur.*

DECIDED OCTOBER 14, 1919.  REHEARING DENIED NOVEMBER 4, 1919.

Complaint; from city court of Houston county—Judge Riley.  May 28, 1919.

Application for certiorari was denied by the Supreme Court.

*Feagin & Hancock,* for plaintiff in error.

*Walter DeFoor, James C. Estes,* contra.