## GARNER *v.* STATE BANKING COMPANY.

1. Transactions between husband and wife, to the prejudice of creditors, are to be closely scanned by a jury on the trial of an issue between creditors in whose favor an execution has been levied upon property as the property of the husband, and the wife who claims the property.
2. There was evidence authorizing the charge submitting to the jury the theory that the husband was insolvent, owning no property in Georgia,

and furnished the money from his own funds with which the pur-
chase of the property levied on was effected, though the title was
taken in the wife's name; and the court properly instructed the jury
that such a transaction would in effect be a gift by the husband to
the wife and render the property subject to a judgment in favor of
the creditors against the husband.

3. Under the court's instruction it was left to the jury to say whether or
not the husband had furnished the money with which to purchase the
property the title to which was taken in the wife's name; and it
was not an expression of opinion of what was proved for the court
to further instruct them that if they ascertained the facts hypotheti-
cally submitted to be true, the transaction would amount to a gift
from the husband to the wife.

4. If a husband, insolvent at the time and having no property subject
to the demands of judgment creditors, makes a gift of property to
his wife, such a gift would be void as against creditors, whether or
not the wife had knowledge or notice of the husband's fraudulent in-
tent.   Civil Code, §§ 3224 (3), 4149.

5. The court instructed the jury:  " If the defendant in fi. fa. was in-
solvent and furnished the money to buy the property levied on, the
title was taken in the wife's name, in a proceeding of this sort, if
it appears to involve dealings between husband and wife, which is
challenged by a creditor for fraud, then the burden would be on the
wife to show it was her own money that paid for the property, and
unless she carried this burden, then such a transaction would be void
as to creditors and the property would be subject to levy and sale
by the creditor of the husband."   The evidence submitted, with the
inferences which the jury were authorized to draw from it, authorized
this charge.

6. Where the depositions of a party to a case are taken under the
provisions of the statute and introduced as evidence in the case, such
evidence stands upon the same footing as that of any other inter-
ested witness; and it does not require the testimony of two witnesses,
or one witness with corroborating circumstances, to overcome the testi-
mony thus given.

7. Nor did the court err in failing to charge as to the weight and
effect of the answers of the claimant to questions propounded to her
in depositions by counsel for plaintiff in attachment.   The evidence of
the claimant given in the examination by depositions was covered by
the general instruction to the jury that they were the judges of the
evidence and the credibility of the witnesses.

8. The court instructed the jury in the following language:   "But if
the money was sent here by the husband, by check, in his name, not
her name, sent here in his name, payable to the wife, if that money
was used to buy this property, then I charge you, in this transaction
of these issues made, the burden would be on the wife, the claimant."
While this charge might have been inaccurate in some respects, it
stated the substance of the law upon one of the material issues in the
case, and the court did not err in thus charging.

(a) Nor was this charge error in that it instructed the jury that the burden would be upon the claimant in the event the jury believed certain facts hypothetically stated to be the truth of the case.

(b) Nor did the court err in refusing, on written request, to charge that "prima facie these drafts or cashier's checks represented the money of that bank, and not money of the defendant in fi. fa."

9. The court charged the jury as follows: "This is a transaction attacked by creditors, between husband and wife, and the burden would be on the wife to show it was her property, her money, her separate estate; and if it wasn't, and she don't carry that burden, it wasn't her separate estate, and the money, the transaction would be a gift." This charge was erroneous; but when the charge is considered in its entirety, in view of the well-defined issues presented, the jury could not have been misled by this erroneous charge, and it was therefore not hurtful.

No. 1442.  February 14, 1920.

Claim. Before Judge Jones. Hall superior court. May 3, 1919.

State Banking Company sued out an attachment against John D. Garner on the ground that he was a non-resident and was indebted to the bank in a stated sum. The attachment was levied upon a lot of land in the city of Gainesville, Hall county, Georgia. Mrs. Garner, the wife of the defendant in attachment, filed a claim to this property. At the trial the issue was joined, and upon the trial of this issue the jury returned a verdict finding the property subject. Mrs. Garner made a motion for a new trial and after hearing the same the court overruled the motion.

*H. H. Perry,* for plaintiff in error.

*W. A. Charters, Ed. Quillian,* and *C. N. Davie,* contra.

BECK, P. J. (After stating the foregoing facts.)

1. Error is assigned upon the following charge of the court to the jury: "I charge you, further, gentlemen, that transactions between husband and wife on one side and creditors on the other side, where those transactions are attacked for fraud, then if that is true, then they should be looked into carefully, closely by the jury; and the facts and circumstances must be looked into with care and caution." The movant contends that there is no evidence authorizing this charge; that it "tended to prejudice or bias the jury against the contention of claimant, and to create a suspicion against her side of the case; that it placed too much emphasis upon the burden charged to be upon the claimant." The exception to this charge is not well taken. The court was authorized by the evidence to give the charge, when all the facts and circumstances embodied in the record are

considered. "Transactions between husband and wife and near relatives, to the prejudice of creditors, are to be closely scanned and their bona fides clearly established." *Gray* v. *Collins,* 139 *Ga.* 776 (78 S. E. 127).

2-7. The rulings made in headnotes 2, 3, 4, 5, 6, and 7 require no extended discussion.

8. Error is assigned upon the following charge: "But if the money was sent here by the husband, by check, in his name, not her name, sent here in his name, payable to the wife, if that money was used to buy this property, then I charge you, in this transaction of these issues made, the burden would be on the wife, the claimant." Movant insists that there was no evidence to show that "the money was sent here by the husband, by check, in his name, or was sent here in his name." As appears from the record, Mrs. Garner received the money with which the vendor of the property in question was paid the purchase-price in the form of two checks, which in words and figures read as follows:

"Farmers State Guaranty Bank. 86-310.

       Thomas, Oklahoma, Oct. 21st, 1916. No. 8389.

"Pay to the order of Mrs. John D. Garner $2500.00

Two thousand five hundred dollars.....................dollars.

Cashier's check.              John D. Garner, Pres."

       "Farmers State Guaranty Bank. 86-310.

       Thomas, Okla., Dec. 23rd, 1916. No. 8634.

"Pay to the order of Mrs. John D. Garner $2500.00

Two thousand five hundred dollars.....................dollars.

Cashier's check.              John·D. Garner, Pres."

(1 Natl. Bk.) (The words "1 Natl. Bk." are written in pencil.)

It also appears from the record that John D. Garner was the president of the Farmers State Guaranty Bank, at Thomas, Oklahoma.

Strictly speaking, a remittance by a check of this kind is not. a remittance of the individual who signed such a check officially: it is more properly a cashier's check, although signed by Garner as president,— a cashier's check being the bank's own check which is issued by the cashier at the request of a depositor against whose account it is charged. But when all the facts of this case are considered, and assuming that the jury found that Garner was insolvent, that as a matter of fact he did furnish the money,

that it was his funds that were the consideration for the check, that he was the husband of the claimant, that there were creditors in Gainesville, Georgia, having large claims against him, the jury would have been authorized to find that this was a remittance by him from his own funds, and, though the check might be a cashier's check, and therefore not a check "in his [Garner's] name," that nevertheless it was money actually sent and actually furnished by the husband by a check that the husband had procured with his own funds, and that the wife knew this; and if the jury so believed, as they might have found from the evidence, the charge was substantially correct, and was inaccurate only in the use of the expression "in his name." Nor was this charge error in that it instructed the jury that the burden would be upon the claimant in the event the jury believed certain facts hypothetically stated to be the truth of the case.

9. Exception is taken to the following charge: "This is a transaction attacked by creditors, between husband and wife, and the burden would be on the wife to show it was her property, her money, her separate estate; and if it wasn't, and she don't carry that burden, it wasn't her separate estate, and the money, the transaction would be a gift." The court should not have instructed the jury in the language here quoted. Standing here to itself, it placed the burden of proof squarely on the claimant in this case, without reference to other facts or subsidiary questions involved. The wife had the written title to the property in question, and was in possession of it at the time of the levy. The burden was upon the plaintiff to show the property was actually that of the husband; that the written title of the wife was void because under the facts of the case it was a gift by the insolvent husband to the wife, and therefore void as against creditors. Consequently, considered merely as a legal proposition, this charge must be pronounced erroneous. But in another part of the charge the court had properly and clearly instructed the jury that the burden was on the plaintiff to make out its case by a preponderance of the evidence; and as to material issues in the case here that instruction, in substance, had been repeated. And though where erroneous instructions are given as to the issues involved in the case, and correct instructions are also given, the giving of the correct instructions does not cure the error unless the

jury's attention is called to the correct rule and the error in the false rule is pointed out to them, nevertheless this judgment should not be set aside in the present case on account of the erroneous instructions quoted above; because, taking the entire charge together, the jury could not have been misled as to the controlling issue which was submitted to them. It would be assuming that the jury was composed of men of a very low order of intelligence to suppose that they did not understand that the issue before them was whether or not the money with which the property levied upon was purchased was furnished by the defendant in fi. fa. or by the claimant. That substantial, controlling question is made prominent and clear in every part of the charge, except those parts which are largely formal, containing the instructions that the jury are the judges of the credibility of the witnesses, etc.

*Judgment affirmed. All the Justices concur.*