## DAVENPORT & BROADHURST *v.* WOOD *et al.*

Upon an issue whether a voluntary conveyance by a husband to his wife was made by an insolvent debtor to hinder, delay, and defraud the plaintiffs, his creditors, *held,* that it was error to grant a nonsuit.

No. 6129. MAY 17, 1928.

Equitable petition. Before Judge Littlejohn. Sumter superior court. May 24, 1927.

*Ellis, Webb & Ellis,* for plaintiffs.

*W. P. Wallis* and *Hollis Fort,* for defendants.

HILL, J. "An insolvent person can not make a valid gift to the injury of his existing creditors." Civil Code (1910), § 4149. "The following acts by debtors shall be fraudulent in law against creditors and others, and as to them null and void, viz.: . . Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor insolvent at the time of such conveyance." § 3224. "When a transaction between husband and wife is attacked for fraud by the creditors of either, the onus is on the husband and wife to show that the transaction was fair." § 3011.

In 1917 a husband acquired described realty. In 1918 he incurred an indebtedness upon several promissory notes, the last of which fell due in 1922. Shortly before maturity of the last note he executed a voluntary deed of conveyance to his wife and children, subject to an outstanding loan for a small amount. In 1924 the creditor obtained judgment upon the notes, and the sheriff made a return of nulla bona upon the execution issued upon the judgment. Shortly thereafter the creditor instituted an equitable action against the grantees, to cancel the deed from C. L. Wood to his wife, Elsie M. Wood, on the ground that it was void as against the plaintiffs: (a) because it was a voluntary conveyance made while the husband was insolvent; and (b) because it was made to hinder, delay, and defraud the plaintiffs in the collection of their debt. The answer of the defendant denied the allegations as to the insolvency of the husband at the time of the conveyance, and as to the conveyance having been made to hinder and delay the collection of the debt. On the trial the plaintiff introduced the notes, the suit and judgment against the defendant, the deed to Wood, the deed from Wood to his wife, and the fi. fa. against Wood, with the entry of nulla bona by the sheriff. The court granted a nonsuit upon motion of the defendant. The exception is to that judgment. Under application of the principles stated above, the issues made by the pleadings should have been submitted to the jury, and the grant of a nonsuit was erroneous. *Primrose* v. *Browning,* 56 *Ga.* 369 (3); *Cothran* v. *Forsyth,* 68 *Ga.* 560 (4); *Garner* v. *State Bank,* 150 *Ga.* 6 (4) (102 S. E. 442); *Duncan* v. *Freeman,* 152 *Ga.* 332 (110 S. E. 5), and cit.

*Judgment reversed. All the Justices concur.*