31508. GILPIN *v.* SWAINSBORO ICE & FUEL CO. INC.

DECIDED FEBRUARY 5, 1947. REHEARING DENIED FEBRUARY 26, 1947.

*Alfred Herrington,* for plaintiff in error.

*I. W. Rountree,* contra.

PARKER, J. This was a suit brought by Swainsboro Ice and Fuel Co. Inc. against J. F. Gilpin on an open account for $261.35. The defendant filed an answer denying the indebtedness. The evidence tended to show that the plaintiff had held an account against J. F. Gilpin and Son, a partnership composed of the defendant and his son, in the sum of $1312.57, in addition to the account against J. F. Gilpin individually which was sued on in this case. It also appeared that the plaintiff had recorded a materialman's lien against J. F. Gilpin and Son on certain real estate, with a house thereon built by the defendant for his son, for $1573.92, which was the sum of the two accounts. After this lien had been recorded but before the defendant knew of it, he paid the plaintiff $1275, the plaintiff contending that this payment settled only the house account against J. F. Gilpin and Son, and that the individual account of J. F. Gilpin was not settled. The plaintiff contended also that about the time the defendant paid the J. F. Gilpin and Son account he said he would pay the balance later, and that the lien which had been recorded was canceled on the strength of that promise. The lien was canceled by the plaintiff on December 7, 1945, in a recital that the debt for which the lien was taken had been paid in full.

The defendant contended, and introduced evidence tending to show, that the two accounts had been consolidated by the plaintiff, and that the payment of $1275 settled both accounts and was an accord and satisfaction executed between the parties. The check for $1275 was introduced in evidence and there was an issue as to the notation that was placed thereon by the lady in the office of the plaintiff at the time it was given. The defendant contended, and introduced evidence tending to show, that both accounts were taken into consideration when the settlement was made, and that the only notation on the check was "In full settlement." The plaintiff introduced evidence tending to show that when the check was presented to and paid by the bank on which it was drawn the notation thereon was "In full settlement of house recently built by J. F. Gilpin and Son," and contended that a part of the writing on the check had been erased after it had been paid and returned to the defendant. The evidence was in direct conflict as to whether both accounts were included in and settled by the payment of the $1275, and also as to the words in the notation written on the check at the time it was drawn.

The case was submitted to a jury and a verdict for the amount sued for was returned for the plaintiff. Thereupon the defendant filed a motion for a new trial on the general grounds only, and the exception here is to the overruling of that motion.

"Accord and satisfaction is where the parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed. . ." Code, § 20-1201. Although the defendant did not file a plea of accord and satisfaction, and there was nothing in his answer to indicate that he was relying on such plea, his contention is that the evidence showed a complete accord and satisfaction as to both accounts which had been executed by the payment of the $1275. Whether or not this contention was sustained by the evidence was a question solely for the jury under the contradictory testimony in the case, and that issue can not be determined by this court.

"Where accord and satisfaction was pleaded to an action of complaint, on the ground that the same subject-matter had been submitted to arbitration and passed upon, and the evidence was conflicting as to whether this account was included or not, that question was properly submitted to the jury; and we can not say in this

case that their finding was wrong." *Madden* v. *Blain,* 66 *Ga.* 49. "If one who has two entirely distinct demands against another accepts payment of one and gives a receipt therefor, there being at the time no mention of the other or any attempt whatever to settle or adjust it, a mere recital in the receipt that it is 'in full payment of all claims to date of whatsoever nature' is without consideration so far as relates to the unsettled demand, and does not estop the person signing the receipt from afterwards asserting that demand, nor render it incumbent upon him before so doing to refund the money received upon the claim as to which there was no dispute." *Armour & Company* v. *Ross,* 110 *Ga.* 403 (7) (35 S. E. 787). The ruling in the case last cited was applied by this court in *Smith* v. *Cherokee Fertilizer Co.,* 24 *Ga. App.* 277 (100 S. E. 719).

There being evidence from which the jury was authorized to find that the account sued on was not included in the settlement of another account between the parties, and no error of law appearing, the judgment of the trial court overruling the motion for new trial was correct.

*Judgment affirmed.* *Sutton, P. J., and Felton, J., concur.*