36815. CROOKE *v.* ELLIOTT.

Decided September 9, 1957.

*Bobby B. Mitchell, W. B. Mitchell,* for plaintiff in error.

*Dickson Adams, W. M. Dallas, John E. Holliman,* contra. .

NICHOLS, J. ■ The one special ground of the amended motion for new trial complains that the trial court erred in admitting in evidence over objection the plaintiff's Exhibit No. 1 which was an invoice for 17,543 board feet of lumber and the memorandum delivery tickets on such lumber. The grounds of objection urged on the trial were that such exhibit was hearsay and was not made in the regular course of business inasmuch as the plaintiff's testimony showed that the exhibit was lost for some 8 months.

On the trial the plaintiff testified in part, with reference to the invoice and delivery tickets which comprised the exhibit objected to: "That type invoice is a normal entry of mine made in the normal and usual course of my business. It is correct. The tickets attached to that invoice are records of memorandum of transactions made by my company in the normal and usual course of my business. They are correct." The Act of 1952 (Ga. L. 1952, p. 177; Code, Ann., § 38-711), reads in part: "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event shall be admissible in evidence in proof of said act, transaction, occurrence or event, if the trial judge shall find that it was made in the regular course of any business, and that it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter. All other circumstances of the making of such writing or record, · including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but they shall not affect its admissibility. The term 'business' shall include every kind of business, profession, occupation, calling, or operation of institutions, whether carried on for profit or not. This section shall be liberally interpreted and applied." Under this Act the exhibit was admissible and the fact that the evidence showed that the exhibit was misplaced or lost for some 8 months would not make it hearsay, but would, of course, go to the weight that the jury might give such evidence. See in this connection, *Guthrie* v. *Berrien Products Co.,* 91 *Ga. App.* 45, 48 (84 S. E. 2d 596).

Accordingly, there is no merit in the one special ground of the amended motion for new trial.

■ The invoice referred to in the previous division of this opinion plus the evidence that such invoice had not been paid was sufficient evidence to support the verdict if the defendant's defense was not a complete defense. The defendant pleaded and proved that on a certain date, after the date of the above invoice, she received a receipt from the plaintiff showing that her account was "paid in full" up to such date. The plaintiff introduced evidence that such receipt was issued by mistake, due to the fact that the invoice on which the present action was based was for some unknown reason not in its proper place in the file when the receipt was issued showing that the defendant's account was "paid in full" up to such date.

In *Dodd* v. *Mayson*, 39 *Ga.* 605, 608, it was said: "It is a well settled rule of law that a receipt in full of a merchant's account is not conclusive, but it may be rebutted by evidence which satisfies the court and jury that an item of the account was left out by accident, mistake, or the like." See also, *Armour & Co.* v. *Ross*, 110 *Ga.* 403 (7) (35 S. E. 787), *Smith* v. *Cherokee Fertilizer Co.*, 24 *Ga. App.* 277 (100 S. E. 719), and *Gilpin* v. *Swainsboro Ice & Fuel Co.*, 74 *Ga. App.* 813 (41 S. E. 2d 540). "Receipts for money are always only prima facie evidence of payment, and may be denied or explained by parol." Code § 38-508.

The defendant's evidence made out a prima facie defense to the plaintiff's action but not an absolute defense, and in view of all the evidence presented on the trial the jury's verdict was supported by the evidence and it was not error for the trial court to deny the defendant a new trial.

*Judgment affirmed.* *Felton, C. J., and Quillian, J., concur.*