## 52711. BENN v. McBRIDE.

STOLZ, Judge.

The appellee sued the appellant in contract and quantum meruit to recover for enlarging the electrical system in the appellant's building. Both the substance of the oral contract and the value of the work were in issue. A jury found for the appellee in quantum meruit and found a materialman's lien to have been timely filed.

1. The appellant's first enumeration of error deals with the overruling of certain motions concerning the style of the complaint. The appellee, McBride, was engaged in a business which dealt with the appellant and was known under the trade name of Gate City Electric Co. Therefore, the original suit was styled "Gate City Electric Co. v. Benn." Since there had been no formal incorporation of such an entity, however, the appellee was permitted to change the style to "Richard McBride, d/b/a Gate City Electric Co. v. Benn." The appellant contends that both the motion to amend and the original complaint are a nullity because of the lack of a proper party plaintiff.

This contention is without merit, however, as was discussed in *Powell v. Ferguson Tile &c. Co.,* 125 Ga. App. 683 (1) (188 SE2d 901) (1972).

2. The appellant contends that error was committed in allowing invoices of materials used on the job to be admitted in evidence as business records under Code Ann. § 38-711 (Ga. L. 1952, p. 177). The appellant's apparent argument, that invoices are not included under the business records rule, is without merit. *Trollinger v. Magbee Lumber Co.,* 132 Ga. App. 225 (1) (207 SE2d 701) (1974); *Daniel v. Dixie Plumbing Supply Co.,* 112 Ga. App. 427 (2) (145 SE2d 796) (1965); *Crooke v. Elliott,* 96 Ga. App. 314 (1) (99 SE2d 842) (1957).

3. Code Ann. § 67-2002 (2) (Ga. L. 1967, p. 456) requires as a necessary incident to the perfection of a materialman's lien that it be filed for record "within three months after the completion of the work" or within three months after material is furnished. An issue existed in the instant case as to the validity of a lien which was filed on March 26, 1974. One of the appellee's answers to the appellant's interrogatories indicated that the last date that anyone worked on the project was November 12, 1973, a date outside of the three-month period for filing the lien. At the trial, however, the appellee testified that work was performed after the first of the year, a time properly within the period for filing the lien. The appellant objects to this testimony on the ground that the appellee was estopped from testifying as to the latter date because of his answer to the interrogatories.

This issue appears to be one of first impression in Georgia, and is not specifically covered in the Civil Practice Act. Rule 33 (b), Code Ann. § 81A-133 (b) (Ga. L. 1966, pp. 609, 646; 1972, pp. 510, 524) states that answers to interrogatories "may be used to the extent permitted by the rules of evidence." Although the rules of evidence would certainly allow use of the answers to interrogatories for impeachment purposes, we are not prepared to hold that in this instance they would estop introduction of inconsistent testimony.

In construing Federal Rule of Civil Procedure 33 (b), which is identical to Georgia's Rule 33 (b), courts, scholars, and the Advisory Committee which drafted the

federal rule have reached the same conclusion that we are reaching today. The 1970 Advisory Committee Note to Rule 33 (b), 48 FRD at 524, states "[T]he interrogating party will ordinarily not be entitled to rely on the unchanging character of the answers he receives and cannot base prejudice on such reliance." Wright & Miller add, "A party may be embarrassed by his answer to a pretrial interrogatory in which he took a position different from one that he later asserts, and it is right that he should have to explain his change of position, but his answer to the interrogatory should not be a bar to taking a different position at the trial." 8 Wright & Miller, Federal Practice and Procedure: Civil § 2181 at 579. See also 4A Moore's Federal Practice ¶ 33.29 [2]. Numerous federal courts agree. Freed v. Erie Lackawanna R. Co., 445 F2d 619 (6 Cir. 1971); Victory Carriers, Inc. v. Stockton Stevedoring Co., 388 F2d 955 (9 Cir. 1968); Giaraffa v. Moore-McCormack Lines, Inc., 270 FSupp. 342 (10, 11) (S.D.N.Y. 1967); Pressley v. Boehlke, 33 FRD 316, 317 (W.D.N.C. 1963).

4. The appellant claims that it was error to allow a witness to state the sum total cost of items about which he testified concerning their individual costs. At trial, the appellant objected on the ground that such testimony was a mere conclusion. The appellant's objection is without merit, however, because the testimony was not based on opinion from observation, but was based on facts known to the witness. *Arkansas Fuel Oil Co. v. Andrews Paint Co.,* 64 Ga. App. 595 (1) (13 SE2d 738) (1943); *Guaranty Life Ins. Co. v. Primo,* 37 Ga. App. 472 (d) (140 SE 780) (1927); *Dyson v. Sellers,* 24 Ga. App. 411 (100 SE 791) (1919).

5. The appellant objects to the court's allowing the admission in evidence of checks and invoices dealing with payment for labor and materials. He claims that no foundation was laid. However, their course, custody, disposition, purpose, and relationship to the issues in the case were covered by the appellee's testimony. Therefore, a sufficient foundation was laid and they are admissible in evidence. See *Piggly-Wiggly Southern, Inc. v. Tucker,* 139 Ga. App. 873 (4).

6. During the trial, the appellee made mention of an offer by himself, which the appellant rejected, to have an

independent third party appraise the value of electrical construction and to split the costs of the appraisal. The appellant contends that the court erred in refusing to strike this statement from the record as evidence of a compromise within Code § 38-408. Not only was there no evidence of a compromise (the appellee apparently did not agree to be bound by the appraiser's decision), but also the objection is not being made by the party which allegedly offered the compromise. Code § 38-408 was created in order to encourage settlements by letting a party which makes an admission or proposition with a view toward compromise rest assured that its good-faith settlement attempt will not later be used against it in court. The appellant certainly did not make an admission or proposition with a view toward compromise, and the statement is not within the ambit of the statute.

7. During the trial of the case, the following testimony was introduced by the appellee during his questioning of his witness, Edward Johnson: "Q. Did Mr. Benn ask you for an estimate on that job? A. Yes. Q. All right, sir. And what was the estimate you came up with looking at the job?"

The following objection was made to this evidence: "If your honor please, that's not the proper form of the question and not proper testimony what his estimate was." No further grounds were mentioned and no elucidation on the ground stated was made. The court overruled the objection and allowed the witness to answer. The appellant enumerates error on that ruling, claiming inter alia that a proper foundation was not laid.

This enumeration of error is meritless, however. The appellant's objection was improper and did not state a valid ground. Even though testimony may be objectionable on other grounds, it is not error to overrule an objection which is not founded on the proper grounds. *Boggs v. Griffeth Bros. Tire Co.*, 125 Ga. App. 304 (7) (187 SE2d 915) (1972); *Ga. Power Co. v. Hendricks,* 97 Ga. App. 369 (1) (103 SE2d 601) (1958); *Knudsen v. Duffee-Freeman, Inc.,* 95 Ga. App. 872 (4) (99 SE2d 370) (1957).

8. The appellant contends that the court committed error in failing to admit in evidence testimony by the

appellant as to bids made by other contractors for electrical system construction for his building. Testimony as to the opinions of these third parties would be hearsay, however, and thus it was not error to keep such evidence from the jury. *Sullivan v. Hugly,* 32 Ga. 316 (1) (1861); *Allen v. Carter,* 119 Ga. App. 825 (2) (168 SE2d 901) (1969).

9. The appellant claims that the court erred in refusing to force the appellee to elect between contract and quantum meruit remedies after the plaintiff-appellee rested. This contention is meritless. *UIV Corp. v. Oswald,* 139 Ga. App. 697 (1976); *D. H. Overmyer Co. v. Kapplin,* 122 Ga. App. 51 (1) (176 SE2d 207) (1970).

10. In enumerations of error numbers 10, 11, 12, 14, and that portion of 13 dealing with Mr. Abercrombie's testimony, the appellant alleges error in the court's sustaining objections by the appellee to questions posed by the appellant on direct examination of various witnesses. In none of these circumstances, however, did the appellant preserve his grounds for complaint by proffering the testimony which would have been elicited had no objection been made. *Rainey v. Moon,* 187 Ga. 712 (12) (2 SE2d 405) (1939); *Allen v. Kessler,* 120 Ga. 319 (47 SE 900) (1904); *Steverson v. Hosp. Auth. of Ware County,* 129 Ga. App. 510 (3) (199 SE2d 881) (1973); *Borochoff Properties, Inc. v. Howard Lumber Co.,* 115 Ga. App. 691 (3) (155 SE2d 651) (1967);*Paulk v. Thomas,* 115 Ga. App. 436 (4) (154 SE2d 872) (1967); *Stewart v. Wilson,* 92 Ga. App. 514 (3) (88 SE2d 752) (1955). Therefore, these enumerations of error present no question to this court for decision.

11. During the trial of the case and after the judge had charged the jury and informed them as to how to write their verdict, one juror asked the court a question, as follows: "If there is a witness' deposition and it conflicts with the witness' testimony, which shall we consider as being right?"

The court then charged: "You would consider both. You would consider the deposition as equal to any or all other evidence or you would consider any and all other evidence equal to the deposition. In other words, they stand on the same bottom. One of them is sworn evidence

taken outside control of the court. The other is sworn evidence taken here in the courtroom, but they shall have equal power and authority and should be accepted as such."

The juror next asked: "If they conflict how is the jury to decide?"

The court then stated: "Have to decide the conflict, that's all, but not giving any weight to one above the other."

To this charge, the appellant objected as follows: "When the juryman asked as to the effect of a conflict in the testimony and the evidence, your honor explained to the jurymen as to your charge . . . I believe the juryman was asking at that point what the effect of that conflict would be as to the credit of this witness by that, and the court should have charged the juryman on this question in relation to the credibility, whether there is a conflict in the evidence, and I believe the juryman stated where there was a conflict between the deposition and the evidence as given here that he wanted to know how to consider it and I believe your honor should have, at that time, given the law as to impeachment by reason of contradictory statements."

It should be noted that the appellant did not really object to the text of the charge. In fact, the legal propositions as stated by the trial judge are correct. *Garner v. State Bkg. Co.,* 150 Ga. 6 (b) (102 SE 442) (1919). The appellant merely suggested that the charge did not go far enough and was not responsive to the juror's question. The appellant then stated a charge that he believed the court should have given. In the absence of a written request, however, there is no error in the court's failure to give the desired charge. Code Ann. § 70-207 (Ga. L. 1937, p. 592); *Quakenbush v. Quakenbush,* 230 Ga. 649 (2) (198 SE2d 851) (1973). Accordingly, the contention that the trial court erred, on oral request after the charge to the jury was completed, in failing to instruct on the subject of impeachment, shows no reversible error.

12. The appellant's enumerations of error on general grounds are without merit. The jury verdict was neither excessive nor contrary to the evidence or the weight of the evidence.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED SEPTEMBER 22, 1976 — DECIDED NOVEMBER 10, 1976 —
REHEARING DENIED DECEMBER 8, 1976 —

*Saul Blau,* for appellant.
*T. Jackson Bedford, Jr.,* for appellee.