## 72531. WILLIAMS v. CHARTER CREDIT COMPANY.

(347 SE2d 635)

SOGNIER, Judge.

Charter Credit Company (Charter) brought suit to recover $145.40 from Jannie C. Williams on an overdue promissory note. Williams answered and counterclaimed seeking $100 for an alleged violation of OCGA § 7-3-14 of the Georgia Industrial Loan Act, OCGA § 7-3-1 et seq. (ILA). The Municipal Court of Columbus, acting without a jury, found in favor of Charter on its claim and against Williams on her counterclaim. The judgment against Williams on the counterclaim requires that we entertain Williams' direct appeal in this case. *Todd v. City of Brunswick*, 255 Ga. 448 (339 SE2d 589) (1985).

Appellant contends the trial court erred by ruling in favor of appellee on appellant's counterclaim which alleged that appellee violated the ILA by failing to rebate to appellant the proper amount of unearned insurance premiums. It is uncontroverted that the acceleration clause of the loan contract provided for the proper amount of unearned insurance premium to be rebated to appellant upon default and thus the parties did not "contract for" any amounts in violation of OCGA § 7-3-15. Appellant argues, however, that appellee violated the ILA by "charging" improper amounts under that statute in that appellee failed to rebate any portion of the premiums for various credit insurance policies purchased by appellant in the loan contract. In the bench trial, the trial court heard evidence and found that the insurance coverages purchased with the loan were not cancelled on the date the complaint was filed but instead remained in full force and effect until the date of expiration of the coverage. Appellant has not cited to this court nor has research revealed any requirement imposed on lenders by statute or otherwise to cancel insurance coverage upon acceleration of the debt by the lender. The Rules and Regulations of the State of Georgia and the ILA address refunds of insurance premiums only upon cancellation. See, e.g., OCGA §§ 7-3-17; Rules and Regulations 120-1-11-.02 (3) (a), (4); 120-1-11-.03 (3) (a), (4); 120-1-11-.05 (4). In the absence of any requirement that a lender cancel credit insurance coverage upon acceleration of the debt, it follows that there is no violation of the ILA when a lender, pursuant to properly drafted loan documents and in accord with the ILA, accelerates a debt but does not refund insurance premiums on insurance coverage still in effect. The trial court, accordingly, did not err by ruling in favor of appellee on appellant's counterclaim or by refusing to reduce the amount awarded in appellee's main claim.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

Decided June 23, 1986 —
Rehearing denied July 9, 1986 —

*Linda I. Hay, Paul E. Kauffmann, William Abrams, Phyllis Holmen, John L. Cromartie, Jr.*, for appellant.
*William L. Slaughter*, for appellee.