### 73884. HONESTER v. TINSLEY.
(358 SE2d 295)

BANKE, Presiding Judge.

This is an appeal by the tenant from a judgment entered on a jury verdict for the landlord in a dispossessory proceeding. In addition to seeking a writ of possession, the landlord also sought to recover unpaid rent and the cost of repairing certain damage allegedly caused by the tenant. The tenant counterclaimed to recover actual and punitive damages in excess of $14,500, based on allegations that the landlord had unlawfully caused her belongings to be removed from the premises subsequent to the initiation of the dispossessory

proceedings, but prior to the date set forth in the summons for filing an answer. Because the tenant was no longer in possession of the premises at the time of trial, only the damage claims were tried before the jury. The jury returned a verdict of $100 for the landlord, and the tenant filed a direct appeal, enumerating as error the denial of her motion for a directed verdict on the counterclaim. *Held*:

1. OCGA § 5-6-35 (a) (6) mandates that an application for appeal must be taken "in all actions for damages in which the judgment is $2,500 or less." This provision has been interpreted by the Supreme Court to apply where a judgment is rendered for some amount between one cent and $2,500. See *City of Brunswick v. Todd*, 255 Ga. 448 (339 SE2d 589) (1986); *Brown v. Assoc. Fin. &c. Corp.*, 255 Ga. 457 (339 SE2d 590) (1986). However, where the appellee has obtained such a judgment but, in addition, has prevailed on a counterclaim filed by the appellant, this court has held the code section to be inapplicable and has allowed the appellant to file a direct appeal. See *Boatner v. Kandul*, 180 Ga. App. 234 (2) (348 SE2d 753) (1986); *Williams v. Charter Credit Co.*, 179 Ga. App. 721 (347 SE2d 635) (1986). To the extent that *Rich v. McDonald Car &c. Leasing*, 180 Ga. App. 613 (349 SE2d 832) (1986), is authority for a contrary holding, it is overruled. We accordingly reach the merits of the present appeal.

2. The appellant testified at trial that her belongings had been removed from the apartment by two men acting at the appellee's direction, whereas the appellee testified that she had merely observed the appellant moving her personal property out of the apartment on the night in question and that the appellant had told her, upon being questioned about her intentions, that she did not intend to pay the past-due rent and she was voluntarily moving out. The appellee denied having contracted with anyone to remove the appellant's property; however, her testimony in this regard was contradicted by two witnesses who claimed to have been hired by her to move the appellant's furniture onto the street.

Prior to trial, the appellant served the appellee with a document styled, "Defendant's Request for Admissions of Facts and Genuineness of Documents and Interrogatories Propounded to Plaintiff." The first section of this document contained requests for admission while the following section contained "Interrogatories" seeking full explanations for any denials made in response to the first section. The appellee denied two requests for admission in which she was called upon to admit that she had contracted for or supervised the removal of the appellant's property from the apartment on December 6, 1985; however, she went on to explain that any contract for the removal of furniture or any supervision by her of such removal had not taken place until after a hearing was held before the magistrate on December 12th. The appellant submits that this explanation was offered in re-

sponse to the requests for admission, with the result that it must be considered a binding "admission" *in judicio,* which the appellee was not entitled to contradict at trial. However, we agree with the trial court that the explanation was, technically speaking, offered in response to the appellant's interrogatories, with the result that the appellee was not barred from contradicting it at trial. See generally *Albitus v. Farmers &c. Bank,* 159 Ga. App. 406 (1) (283 SE2d 632) (1981); *Stone v. Lenox Enterprises,* 176 Ga. App. 696 (1) (337 SE2d 451) (1985); *Benn v. McBride,* 140 Ga. App. 698 (231 SE2d 438) (1976).

The standard of review of the trial court's denial of a motion for directed verdict in a civil case is the "any evidence" standard. *United Fed. Sav. &c. Assn. of Waycross v. Connell,* 166 Ga. App. 329 (1) (304 SE2d 131) (1983). See also OCGA § 9-11-50 (a). Since the appellee's testimony in the present case provided at least some evidence that no unlawful eviction had occurred, the trial court did not err in denying the appellant's motion for a directed verdict.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., McMurray, P. J., Carley, Sognier, Pope, and Benham, JJ., concur. Beasley, J., dissents.*

BEASLEY, Judge, dissenting.

*Brown v. Assoc. Fin. &c. Corp.,* 255 Ga. 457 (339 SE2d 590) (1986), is the principal Supreme Court case dealing with a main action and a counterclaim. However, it does not concern a situation where there was a money recovery under either. It held that "an application is required when a party seeking a money judgment prevails, that is a judgment for some sum is obtained." The court reasoned: "In our view the legislature intended to remove the right of direct appeal when a claimant prevails but a fact finder has determined that the damage suffered is not substantial." *Brown* found that a petition for writ of possession which was granted was not an action and judgment for damages, and thus OCGA § 5-6-35 (a) (6) did not apply.

Although there was a counterclaim seeking a set-off or recovery of statutory penalties which was dismissed, the Supreme Court opinion did not include the dismissal of the counterclaim (a so-called "zero" judgment) as an independent basis for direct appeal. Instead, review of the dismissal of the counterclaim was permitted because it was brought up with the judgment on the writ of possession (OCGA § 5-6-34 (c)), which was appealable because that judgment did not involve recovery of damages.

*Boatner v. Kandul,* 180 Ga. App. 234 (348 SE2d 753) (1986) and *Williams v. Charter Credit Co.,* 179 Ga. App. 721 (347 SE2d 635) (1986), should not be followed because each decision is predicated upon a concept not found in *Brown,* that a direct appeal may be

based upon a zero verdict on a counterclaim even though there was a recovery of damages in the amount of less than $2,500 on the main complaint. If these cases were correct, then *Brown* would have held that the dismissal of Brown's counterclaim was subject to direct appeal and need not have bottomed the holding on the writ of possession.

Instead the focus in *Brown* simply is whether there was an action for damages or not. If not, then OCGA § 5-6-34 (a) (6) is inapplicable; if so, on the other hand, then apply the $.01 to $2,500 test.

In my view, *Rich v. McDonald Car &c. Leasing*, 180 Ga. App. 613 (349 SE2d 832) (1986), involves a different situation and should not be overruled. Instead, *Boatner*, supra, and *Williams*, supra, should be overruled as conflicting with *Brown*, supra. This appeal should have been by application and thus should be dismissed because appellant chose the wrong vehicle for review.

DECIDED JUNE 1, 1987.

*Margaret L. Argent*, for appellant.
*John B. Adams*, for appellee.