A89A1723. BRIDGES v. CLARKE.
(388 SE2d 760)

McMURRAY, Presiding Judge.

Plaintiff Anthony Bridges brought suit against defendant H. A. Clarke, d/b/a Clarke's Foreign Auto Specialists, seeking the return of a 1977 Peugeot automobile, actual damages and punitive damages. Defendant answered and counterclaimed, seeking damages for the repair of the automobile and storage charges.

The case was tried by the court sitting without a jury. Upon the conclusion of the trial, the trial court entered the following findings of fact and conclusions of law: "Plaintiff had the Defendant 'pick up' his 1977 Peugeot automobile from a repairman to make certain repairs to it caused by someone's having placed the car battery in the car backwards. This happened sometime during the month of January, 1987. Plaintiff paid Defendant $250 and $200, leaving a balance of $284 for the work which was completed sometime in February, 1987. No other payment was made or tendered by Plaintiff to Defendant. After considering the facts, I find that the Defendant is entitled to 30 days rental at $10.00 per day, plus $284 for the balance repair to Plaintiff's vehicle. Judgment is rendered in favor of Defendant against Plaintiff

in the amount of $564.00, plus interest at 12% per annum." Plaintiff appealed. *Held*:

1. Although the amount of the judgment is less than $2,500, we have jurisdiction to entertain this direct appeal because defendant-appellee prevailed on the main claim. See *Honester v. Tinsley*, 183 Ga. App. 146, 147 (1) (358 SE2d 295).

2. Plaintiff contends the trial court was in error when it found no payments were made or tendered to defendant after the $250 and $200 payments were made. Plaintiff is correct. The evidence shows that plaintiff tendered a payment of $284 to defendant in June 1987 and that plaintiff's attorney tendered that amount to defendant in July 1987. These facts, however, do not change the outcome of this case for the simple reason that the trial court's judgment is consistent with these facts. See Division 3. Accordingly, the trial court's findings, although erroneous, do not constitute harmful error.

3. The trial court did not err in awarding defendant storage charges even though plaintiff did not expressly agree to pay such charges. "The right of a garage keeper to recover for the storage of a vehicle and incidental services generally depends on whether there is an agreement between the parties and the provisions thereof, or whether, under the particular circumstances, an agreement to pay for storage should be implied. Thus, a garage proprietor with whom an automobile had originally been left for repairs and afterward for storage is entitled to a reasonable charge for storage of the car up to the time that the owner demanded possession of it. However, no charge for storage is implied during the period of time the automobile is undergoing repairs; nor is the garageman, who retains possession of the repaired vehicle in exercise of his right to claim a lien thereon, entitled to the reasonable value of the storage thereof during the time he so keeps it in his possession. . . ." 61A CJS, Motor Vehicles, § 725. Defendant completed repairing the automobile in February 1987. Thus, beginning at that time, defendant was entitled to a reasonable charge for storage. 61A CJS, Motor Vehicles, § 725, supra. According to defendant, he began charging plaintiff for storage commencing April 1, 1987, and he gratuitously cut off the accrual of such charges in August 1987 (because the storage charges began to exceed the value of the automobile). As noted in Division 2, it was not until June 1987 that plaintiff tendered defendant the balance due for repairs. Inasmuch as the trial court only awarded defendant storage fees for 30 days, the judgment was well within the range of the evidence. At the very least, defendant was entitled to storage charges until such time as plaintiff tendered the balance due for repairs to the automobile. See 61A CJS, Motor Vehicles, § 725, supra.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED NOVEMBER 27, 1989.

*Albert R. Sacks*, for appellant.
*Divida Gude*, for appellee.