A89A1811. AVERY v. CHRYSLER CREDIT CORPORATION.
(391 SE2d 410)

McMURRAY, Presiding Judge.

Plaintiff Chrysler Credit Corporation brought suit against defendant Thomas J. Avery seeking damages in the amount of $919.14 (per the complaint, as amended). It alleged that defendant and Heritage Chrysler-Dodge-Plymouth, Inc., entered into a retail installment sales agreement through which defendant agreed to purchase a 1987 Dodge Omni; that Heritage Chrysler-Dodge-Plymouth, Inc., assigned the agreement to plaintiff and defendant began paying plaintiff pursuant to the agreement; that defendant subsequently defaulted and surrendered the automobile to plaintiff; and that, following the disposition of the automobile, defendant remained indebted to plaintiff in the amount sought. Defendant answered the complaint, set forth an affirmative defense of payment, and denied any liability to plaintiff. Additionally, defendant counterclaimed, alleging plaintiff defamed defendant by giving a false and malicious report to a credit bureau.

Following the entry of a pre-trial order, the case proceeded to trial. The trial court directed a verdict in favor of plaintiff and against defendant with regard to the claims asserted in the complaint and the counterclaim. Judgment was entered accordingly and defendant appealed directly. *Held*:

1. Defendant properly filed a direct appeal. *Honester v. Tinsley*, 183 Ga. App. 146, 147 (1) (358 SE2d 295).

2. Via three enumerations of error, defendant asserts that the

trial court erred in failing to permit him to raise failure of consideration and breach of warranty issues in the midst of trial. In this regard, defendant argues that (1) the issues already had been tried by implied consent of the parties or (2) a motion to amend the pleadings should have been granted. See OCGA § 9-11-15 (b). We disagree.

In the case sub judice, it is clear that plaintiff did not consent to the trial of failure of consideration and breach of warranty issues. In fact, plaintiff strongly objected to the introduction of such issues at trial. See in this connection *Burger King Corp. v. Garrick*, 149 Ga. App. 186, 188 (253 SE2d 852). The mere fact that plaintiff introduced evidence which could be said to pertain to failure of consideration and breach of warranty issues does not demonstrate that plaintiff impliedly consented to the trial of such issues because the evidence was relevant to the main claim and the counterclaim. As it is said: "[W]here the evidence offered . . . was relevant to an issue before the court, implied consent to an amendment of the pleadings will not be implied absent a clear indication the party introducing the evidence was attempting to raise a new issue. [Cits.]." *Southern Discount Co. v. Kirkland*, 181 Ga. App. 263, 266 (3), 267 (351 SE2d 685). No such indication can be found in this case. Thus, it cannot be said the issues of failure of consideration and breach of warranty had already been tried by implied consent of the parties when defendant attempted to introduce these issues at trial. See *Smith v. Smith*, 235 Ga. 109, 112, 113 (218 SE2d 843).

"The last two sentences of Rule 15 (b) [OCGA § 9-11-15 (b)] prescribe the procedure to be followed if there is an objection to the introduction of evidence on the ground that the material offered is not within the issues framed by the pleadings. This portion of the rule admonishes the court that amendments should be allowed freely whenever the presentation of the case's merits will be subserved thereby." Wright & Miller, Fed. Practice & Procedure: Civil § 1495. Relying on the last two sentences of OCGA § 9-11-15 (b), defendant contends the trial court should have granted a written motion to amend the pleadings filed on the second day of trial even though plaintiff objected to the introduction of the failure of consideration and breach of warranty issues.

The written motion was denominated as a "motion to amend pleadings to conform with evidence." Therein, defendant moved the court to amend the pleadings to conform to evidence already introduced without objection. When the motion was brought to the attention of the trial court, defendant argued that the pleadings should be amended to set forth failure of consideration and breach of warranty issues. In this regard, defendant again insisted that the issues were tried with implied consent. He did not argue that the pleadings should be amended in the interest of justice even though plaintiff ob-

jected to the failure of consideration and breach of warranty evidence. In fact, no mention of the last two sentences of OCGA § 9-11-15 (b) was made by defendant and the trial court was not asked to make a ruling in conformance with the admonition set forth in the last two sentences of that Code Section. Accordingly, defendant will not now be heard to argue that the trial court should have granted the written motion to amend the pleadings in spite of plaintiff's objection to the failure of consideration and breach of warranty evidence. This court will not consider issues raised for the first time on appeal. *DeBoard v. Schulhofer*, 156 Ga. App. 158, 160 (2) (273 SE2d 907).

3. One of the issues to be decided was whether plaintiff repossessed the automobile. (Insofar as the counterclaim was concerned, defendant asserted he was defamed because plaintiff wrongfully notified a credit bureau that defendant's automobile had been "repossessed.") The trial court directed a verdict in favor of plaintiff on this issue, ruling that the automobile had been repossessed as a matter of law. Defendant enumerates error upon this ruling.

The evidence showed that the automobile caught fire and was destroyed completely. Thereafter, defendant failed to make further payments to plaintiff.

After it was destroyed, the automobile remained in a body shop until it was hauled away for salvage. At no point did plaintiff take physical custody of the wreckage. Plaintiff did, however, give notice of its intent to repossess and, more importantly, it advised the body shop that the automobile belonged to it. (Although the owner of the body shop did not recall receiving such advice, he did not deny that such advice was given.) Thereafter, plaintiff sent a "notice after repossession" to advise defendant of his right to redeem. Ultimately, plaintiff provided defendant's insurer with title to the automobile (defendant was shown to be the owner and plaintiff was shown to be the lienholder) and a copy of the "notice after repossession." Having received those documents, the insurer issued a check made payable to plaintiff alone.

Defendant contends it cannot be said plaintiff repossessed the automobile because it never obtained physical control of the automobile. We disagree. In our view, it was unnecessary for plaintiff to exercise actual physical control of the automobile in order to repossess it. Rather, plaintiff could, and did, repossess the automobile by taking constructive possession of it. See generally OCGA § 11-9-503 ("Unless otherwise agreed a secured party has on default the right to take possession of the collateral. . . . Without removal a secured party may render equipment unusable, and may dispose of collateral on the debtor's premises. . . .") Accordingly, the trial court properly ruled that plaintiff repossessed the automobile as a matter of law.

4. The remaining enumerations of error pertain to various evi-

dentiary rulings by the trial court. After careful consideration, we find these enumerations of error to be without merit.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED JANUARY 12, 1990 —
REHEARING DENIED MARCH 5, 1990 — 

*Kirbo & Conger, Ben Kirbo*, for appellant.
*Perry, Walters & Lippitt, Donald W. Lee, Greene, Buckley, DeRoux & Jones, Gregory J. Digel, Margaret L. Milroy*, for appellee.