CORKLITE COMPANY, INC., Respondent, *v.* THE RELL REALTY CORPORATION, Defendant, ISAAC GOLDBERG et al., Respondents, and CAPITAL CITY SURETY COMPANY, Appellant.

LOUIS BARON et al., Respondents, *v.* THE RELL REALTY CORPORATION et al., Defendants, G. GOLDBERG & SON, INC., et al., Respondents, and CAPITAL CITY SURETY COMPANY, Appellant.

(Argued May 31, 1928; decided July 19, 1928.)

*Abraham J. Halprin* for appellant. The act of Ira May in having added to the power of attorney the words " and to discharge mechanics' liens " was a forgery and such an act that the appellant could not be held liable for. (*Henry* v. *Allen*, 151 N. Y. 1; *Bienenstock* v. *Ammidown*, 155 N. Y. 48; *Benedict* v. *Arnoux*, 154 N. Y.

718; *St. John* v. *Fowler*, 229 N. Y. 270; *Muller* v. *Hillenbrand*, 227 N. Y. 448; *Malloy* v. *Whitehall Portland Cement Co.*, 116 App. Div. 839; *Hull* v. *Littauer*, 162 N. Y. 569.)

*Lynn C. Norris* and *Edward M. Perry* for William M. Crane, respondent. The case on appeal contains evidence sufficient to sustain the findings of fact as to the agency of May and Lawley to execute the undertakings in question, and to sustain the findings of fact that the appellant surety company is estopped to deny their agency. (*Dennerlein* v. *Martin*, 247 N. Y. 145.) The authority of May and Lawley was not defined or limited either by the original power of attorney or by the certified copies. (*Keyes* v. *Metropolitan Trust Co.*, 220 N. Y. 237; *Philadelphia, etc., Co.* v. *7th Nat. Bank*, 6 Fed. Rep. 114; *Silver Bay Assoc.* v. *Landon*, 121 Misc. Rep. 712; *Marshall* v. *Reading Fire Ins. Co.*, 78 Hun, 83; 149 N. Y. 617.) Crosswell's testimony that May and Lawley were agents is evidence of their general agency. (1 May on Insurance [4th ed.], 235, § 126; *Lycoming Fire Ins. Co.* v. *Woodworth*, 83 Penn. St. 223; *Wells-Dickey Co.* v. *American Alliance Ins. Co.*, 69 Mont. 586; *Forward* v. *Continental Ins. Co.*, 142 N. Y. 382.) The authority given to May and Lawley to execute and deliver bonds and undertakings independently of the surety company, is evidence of their general agency and that they were authorized to execute and deliver the bonds in question. (*People's Bank* v. *St. Anthony's R. C. Church*, 109 N. Y. 512; *U. S. Surety Co.* v. *Meenan*, 211 N. Y. 39; *Pitney* v. *Glens Falls Ins. Co.*, 65 N. Y. 6; *McClelland* v. *Mutual Life Ins. Co.*, 217 N. Y. 336; *Forward* v. *Continental Ins. Co.*, 142 N. Y. 382; *Continental Ins. Co.* v. *Ruckman*, 127 Ill. 364; *Kahn* v. *Traders Ins. Co.*, 4 Wyo. 419.) The insertion of the words " and discharge of mechanics' liens " was not suspicious and did not cast upon the respondents any burden of inquiry

as to the authority of May and Lawley to execute these bonds. (*Little* v. *Herndon*, 10 Wall. [77 U. S.] 26; *Lewis* v. *Payn*, 8 Cow. 76; *Jackson* v. *Jacoby*, 9 Cow. 126; *Rosenberg* v. *Jett*, 72 Fed. Rep. 90; *Kilpatrick* v. *Wiley*, 197 Mo. 123; *Maybie* v. *Sniffen*, 2 E. D. Smith, 1; *Arnold* v. *Brechtel*, 174 Mich. 147; *Devoy* v. *Mayor, etc., of N. Y.*, 35 Barb. 264; 36 N. Y. 449; *Xander* v. *Commonwealth*, 102 Penn. St. 434; *Branch* v. *Branch*, 143 Tenn. 210; *Monona County* v. *Gray*, 200 Ia. 1133; *Hommel* v. *Deviney*, 39 Mich. 522; *Friedman* v. *Loveman*, 117 Ala. 454.) Affixing the corporate seal of the surety company to the bonds by May and Lawley was the final act in the execution of these bonds and this corporate seal, which had been delivered to these agents for that purpose, when so affixed to the bonds, should be regarded as a continuing affirmation by the surety company that these bonds had been lawfully executed. (*Fifth Ave. Bank* v. *Forty-second St., etc., R. Co.*, 137 N. Y. 231; *Mut. Life Ins. Co.* v. *Forty-second Street, etc., R. Co.*, 74 Hun, 505; *Hellman* v. *Forty-second Street, etc., R. Co.*, 74 Hun, 529; 148 N. Y. 727.)

*Ernest J. Magan* for Jack Zimmerman et al., as copartners under the name of Beacon Electric Company, respondents. The undertaking filed on behalf of the defendant-appellant Capital City Surety Company is binding and valid as against these respondent lienors. (2 Kent Com. 616; 1 Am. & Eng. Ency. of Law [2d ed.], 1207.)

*Harry G. Anderson* and *Louis J. Moss* for Jacob Greenbaum & Son, respondent.

*Emanuel H. Reichart* and *Samuel Hellinger* for Isaac Goldberg, respondent.

KELLOGG, J. The respondents, other than William M. Crane, supplied materials and labor to the defendant

Rell Realty Corporation, the owner of certain real estate, and filed notices of liens against the premises, for the satisfaction of their claims. Undertakings, conditioned upon the payment of any judgments which might be rendered against the property for the enforcement of the liens, executed by the Rell Realty Corporation, as principal, and apparently by the defendant the Capital City Surety Company as surety, were filed in the appropriate county clerk's office. Court orders, discharging the liens, were thereupon made and entered. (See Lien Law [Cons. Laws, ch. 33], sec. 19.) After the orders had been entered the defendant William M. Crane purchased the property. The court has held that the defendant Crane took title free and clear of the liens; that the defendant Capital City Surety Company, under the terms of its undertakings, was liable for the payment to the lienors of the amount of their claims. Judgment in favor of such lienors for the amounts due upon their liens has been affirmed.

The undertakings were subscribed as follows: " Capital City Surety Company, by Ira E. May, Attorney-in-fact, Florence L. Lawley, Attest." Opposite the name " Capital City Surety Company " seals were placed. These were stamped to read " Capital City Surety Company, Incorporated 1912, New York." The names of Ira E. May and Florence L. Lawley appearing upon the undertakings were signed by them. Ira E. May affixed the seals and stamped the corporate name thereupon by means of the official seal of the corporation. The Capital City Surety Company asserts that Ira E. May and Florence Lawley were not authorized to execute the undertakings in question.

Concededly blank bonds, undertakings and seals had been confided by the Capital City Surety Company to Ira E. May and Florence L. Lawley and they had access to the official seal of the corporation. Concededly they were authorized to negotiate and write for the company bonds and undertakings; to accept and reject risks; to

frame the terms of the bonds to be issued; to attach seals thereto; to stamp the same with the official seal of the corporation; to issue the bonds in return for premiums which they were authorized to receive. These facts tended to establish that Ira E. May and Florence Lawley were the general agents of the Capital City Surety Company. (*Post* v. *Ætna Ins. Co.*, 43 Barb. 351, 355; *Walsh* v. *Hartford Fire Ins. Co.*, 73 N. Y. 5; *Pitney* v. *Glen's Falls Ins. Co.*, 65 N. Y. 5; Joyce on Insurance, sec. 395; Cooley's Briefs on Insurance, vol. 1, p. 467; Mechem on Agency, sec. 732.) A person who has power to transact all the business of his principal of a particular kind is a general agent. A person who is authorized to act only in a specific transaction is a special agent, The mere fact that the authority of an agent is limited to a particular business does not make his agency special. (Joyce, *supra*.) We hold, under the authorities cited, that Ira E. May and Florence Lawley were the general agents of the Capital City Surety Company to execute and issue bonds on its behalf. The question arises, did they act within the scope of their authority as general agents?

It has been held that a general agent, in spite of instructions forbidding the act, may, nevertheless, effectively insure a risk not belonging to the limited territory of his agency (*Lightbody* v. *North American Ins. Co.*, 23 Wend. 18); that he may, although expressly forbidden, effectively insure the property of an insolvent person (*German Fire Insurance Co.* v. *Gibbs, Wilson & Co.*, 42 Tex. Civ. App. 407); that he may insure against the risk of an accident, although contrary to instructions, a person of an age of over sixty-five years (*Crawford's Administrator* v. *Travelers Ins. Co.*, 124 Ky. 733); that he may insure, against risk of an injury, a person operating a circular saw, though the risk is forbidden (*Denoyer* v. *First Nat. Accident Co.*, 145 Wis. 450); that he may insure the property of a person expressly named as a prohibited risk (*Hicks* v. *British Amer. Assur. Co.*, 13 App. Div. 444);

that he may insure a " special risk " although expressly
proscribed. (*Ruggles* v. *Amer. Cent. Ins. Co.*, 114 N. Y.
415.) In all these cases it was held that policies were
enforcible if the assured was ignorant of the limitations
placed upon the power of the agent. In the *Ruggles*
case it was said: " The manner of conducting the business
of insurance is so well known that a person may reason-
ably assume that one having the apparent power of a
general agent is not limited by his instructions as to the
class of risks he may insure."

A power of attorney in writing expressly authorized
Ira E. May and Florence Lawley " to sign, execute,
acknowledge and deliver " in the name of their principal,
bonds and undertakings for "Administrators, Assignees,
Conservators, Committees of Incompetents, Executors,
Guardians, Trustees, Receivers in Bankruptcy Pro-
ceedings required to be given by any Statute, Order or
decree of any Court of the State of New York," and
likewise " all bonds upon Attachment, Garnishment,
Injunction, Removal of Cause to Federal Courts, in
Replevin, for Non-Resident Plaintiffs and for Costs
required to be given as aforesaid." It will be observed
that the bonds and undertakings which Ira E. May and
Florence Lawley were thus given authority to write all
belonged to a class which may be termed " judicial."
That is to say, they are instruments of a type the execu-
tion of which courts are required to exact before per-
mission to exercise legal authority may be accorded, or
before certain desired results may be achieved in legal
proceedings. Almost the entire field of " judicial "
bonds and undertakings are covered by the power.
Of course, when attention is directed to the point,
it becomes noticeable that undertakings to cancel
mechanics' liens, which are provided for by section 19 of
the Lien Law, are not expressly mentioned. That the
Capital City Surety Company possessed the power to
write such undertakings cannot be doubted. Otherwise

it would have defended, as it has not, on the ground of a lack of corporate power. Here we have, then, a corporation empowered to write, we will say, every form of judicial bond, imparting to general agents the express power to write for it substantially all bonds and undertakings of a judicial character, yet withholding from the agents the single power of writing mechanic's lien undertakings. It will be observed that nowhere is there proof that the general agents were prohibited from writing bonds not enumerated in the power. Indeed, it appears from a statement made by the assistant secretary of the corporation that they had been permitted to issue bonds of a character not included therein. Nevertheless, it might with some justice be said that the particularization of powers granted implied a denial of all other powers. However this may be, it seems to us that the withholding of a single power, from the great mass of kindred powers granted, was in the nature of a prohibition of the acceptance of a particular risk, which ought not to be given effect in the case of a person taking bonds without notice of the limitation imposed. Surely all customers of the general agents, from the great variety of their permitted activities in the field of judicial bonds, would assume that they had the power to write and issue undertakings to cancel mechanics' liens, such as were here given. We think a manifest fraud upon innocent people would be perpetrated if the limitation were permitted to prevail. We hold that it does not prevail, and that Ira E. May and Florence Lawley, in respect to these lienors, as general agents of the Capital City Surety Company, had authority to write the undertakings in question and thereby bind their principal. In this view of the case it becomes immaterial that the general agents interlined copies of the powers attached to the undertakings, to express a power to issue bonds to cancel mechanics' liens. The lienors who accepted the undertakings could not have been put upon notice, by the presence of the

interlineations, of the restricted power of the general agents, for the reason that the correctness of the inter-lined copies was apparently certified by a certificate admittedly subscribed by the assistant secretary of the corporation. The corporation intrusted its agents with blank bonds to be annexed to a power of attorney and also with the corporate seal, and authorized them to bind the documents together and affix the seal thereto. This was the final act of authentication. The agents had apparent authority to accredit the power of attorney as the then existing evidence of the mandate of their principal, and the defendant, and not the public, took the risk of forgery.

In each case the judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN and O'BRIEN, JJ., concur; ANDREWS, J., not voting.

Judgments affirmed.