22365. INDEPENDENCE INDEMNITY Co. *v.* INDUSTRIAL REALTY Co.

STEPHENS, J. 1. Where, in a suit by the obligee, in an indemnity bond, against the purported principal and surety thereon, although it appears from the face of the bond that the surety, which was an indemnity company, executed the bond by and through agents acting under power of attorney from the company, it is alleged in the petition that the defendants executed the bond, this is a sufficient allegation, as against a

general demurrer, of the execution of the bond by the surety company through its alleged agents.

2. A power of attorney which authorizes the agents of an indemnity company to make, execute, and deliver in the company's behalf "surety bonds and undertakings" confers upon the agents continuing powers during the continuance of the authority conferred, and thus creates a general agency. The provisions of such power of attorney are broad enough to confer authority upon the agents to execute a bond or undertaking binding upon the principal, where the bond or undertaking is within the scope of the powers conferred, although it may be one in form and character which indemnity companies are not generally accustomed to execute. The provisions are also broad enough to confer upon the agents, not only authority to execute and deliver in behalf of the principal an indemnity bond binding upon the principal, but also authority to execute and deliver in behalf of the principal another bond, respecting the same subject-matter and between the same parties, amendatory of the first bond and containing variant and modifying terms. *First National Bank of Macon* v. *Nelson*, 38 *Ga.* 391, 401 (95 Am. D. 400); *Foster* v. *Jones*, 78 *Ga.* 150 (1 S. E. 275); *Bass Dry Goods Co.* v. *Granite City Mfg. Co.*, 119 *Ga.* 124 (45 S. E. 980); State *v.* Powell, 40 La. 234 (4 So. 46, 8 Am. St. R. 522); Cooper *v.* Cooper, 206 Ala. 519 (91 So. 82); Pacific National Bank *v.* Ætna Indemnity Co., 33 Wash. 428 (74 Pac. 590); Denecke *v.* West, 184 Iowa, 600 (169 N. W. 97); 2 C. J. 568.

3. A person who deals with an agent having a written power of attorney to execute bonds and undertakings for and in behalf of his principal may look to the terms of the instrument for the ascertainment of the extent of the agent's authority, and is not bound by any limitations upon the agent's authority of which the person dealing with him had no notice. Where the agents upon whom an indemnity company has conferred power of attorney to make, execute and deliver in the company's behalf "surety bonds and undertakings" have been entrusted by the company with a written power of attorney which authorizes them to execute such powers for and in behalf of the company, and have been entrusted by the company with its corporate seal for the purpose of its use in the execution of the powers conferred, and where they execute a bond which is within the scope of the powers conferred, although it may be one in form and character which indemnity companies are not generally accustomed to execute, the person with whom they deal may rely upon the bond as evidence of the agents' authority, and where the person dealing with the agents has no notice that the authority of the agents to execute the bond has been revoked, the indemnity company is estopped from denying liability upon the bond upon the ground that the authority of the agents to execute the bond has been revoked. Where the person dealing with the agents has had experience in dealing with indemnity companies and knows that the bond is an unusual obligation for an indemnity company to write and is outside the ordinary range of the business of indemnity companies, and that the bond is not executed on the regular blank form used by the indemnity company, and is not executed in the office of the indemnity company or in the office of its

authorized agents, but is executed in the office of the person dealing with the agents, this does not constitute knowledge of facts sufficient to put the person dealing with the agents, as a prudent person, on inquiry as to the lack of the agents' authority to bind the indemnity company, Civil Code (1910), § 3595; Hatch v. Coddington, 95 U. S. 48 (24 L. ed. 339); Byne v. Hatcher, 75 Ga. 289 (2); Armour v. Ross, 110 Ga. 403 (8) (35 S. E. 787); Bass Dry Goods Co. v. Granite City Mfg. Co., 116 Ga. 176 (42 S. E. 415), s. c. 119 Ga. 124 (supra); Burch v. Americus Grocery Co., 125 Ga. 153 (53 S. E. 1008); Foddrill v. Dooley, 131 Ga. 790 (63 S. E. 350); Bacon v. Dannenberg, 24 Ga. App. 540 (101 S. E. 699); State v. Powell, supra; Beard v. Kirk, 11 N. H. 397; Corklite Co. v. Rell Realty Cor., 249 N. Y. 1 (162 N. E. 565); Bradford v. Dunn, 250 N. Y. 161 (166 N. E. 167); Denecke v. West, supra; 2 C. J. 539, 566; Florida Central &c. R. Co. v. Ashmore, 43 Fla. 272 (32 So. 832); Cooper v. Cooper, supra.

4. Upon the trial of a suit by the obligee of a bond alleged to have been executed by an indemnity company through agents acting under a power of attorney, where the uncontradicted evidence was as above indicated, and no evidence was either adduced or offered which showed any knowledge by the plaintiff of the fact that the power of attorney which the defendant gave to its agents had been revoked, or any facts sufficient to put the plaintiff as a prudent person on inquiry as to the lack of the agents' authority to bind the defendant, the court properly directed a verdict for the plaintiff.

5. The petition was not subject to the demurrer; and the alleged errors in the admission and exclusion of testimony were immaterial. No error appears.

6. This court has no authority to order that a supersedeas bond given by the plaintiff in error be strengthened. The motion to strengthen the bond is denied. Savannah &c. Ry. Co. v. Postal Telegraph-Cable Co., 113 Ga. 916 (39 S. E. 399); Echols v. Candler, 108 Ga. 785 (33 S. E. 811); Conwell v. McWhorter, 93 Ga. 254 (19 S. E. 50); Central R. Co. v. Miller, 91 Ga. 83 (16 S. E. 256).

Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.

DECIDED MARCH 4, 1933.

Little, Powell, Reid & Goldstein, for plaintiff in error.

Alston, Alston, Foster & Moise, George & John L. Westmoreland, contra.