### 45384.   MIXON et al. v. LOVETT.

BELL, Chief Judge. Plaintiff sued the defendants for personal injuries received in a collision between a bus operated by plaintiff and a tractor trailer operated by one of the defendants and owned by the other. The jury returned a verdict for plaintiff. Defendants appeal from the judgment and from the order overruling their amended motion for new trial.

1. A representative of the workmen's compensation insurer for plaintiff's employer testified in response to a question posed by plaintiff's counsel that his company had a lien for the compensation payments made to plaintiff against any judgment recovered by plaintiff in the instant action. Objection was made by defendants and they moved for a mistrial. The trial court sustained the objection but overruled the motion. The court instructed the jury not to give any consideration to this testimony. A question was then asked of a similar import and prior to any answer and on its own initiative the trial court ruled that it was inadmissible. Thereupon, defendants renewed their motion for mistrial. The court again denied the motion and recharged the jury to give no consideration to this evidence.

This evidence as to the lien of the compensation carrier was not relevant to any issue and served no purpose in this case and was properly stricken. When considering the trial judge's action in the matter and his curative instructions to the jury, we will not hold that there was any manifest abuse of discretion in overruling the motions for mistrial. *Doe v. Moss,* 120 Ga. App. 762 (172 SE2d 321).

2. The defendant truck driver testified that just immediately prior to the collision an unidentified tractor-trailer ran through a stop sign from an intersecting highway which caused him to apply his brakes and the resulting jack-knifing of his truck across the highway into the path of the bus driven by the plaintiff approaching from the opposite direction. The trial court charged the jury that there was a conflict in evidence as to whether there was another truck in this vicinity at the time and the defendant driver contends that this truck, "if there was such," caused him to apply the brakes and the placing of his vehicle into the path of plaintiff. At trial defendants excepted on the grounds that there was no conflict in the evidence as to the presence of the other truck and the charge amounts to an expression of opinion that the evidence of the defendant was not worthy of belief. This contention has no merit as this evidence was very much in conflict. Plaintiff and another eyewitness to the accident denied in their testimony seeing this third vehicle. The trial court made it clear in the charge to the jury that this contention of defendant was a matter for it to decide and that the court did not express any opinion on the matter. By the language objected to the trial court was merely stating the contention of the defendants. It did not constitute an expression of opinion by the court. *Lumbermen's Underwriting Alliance v. Jessup,* 100 Ga. App. 518, 537 (112 SE2d 337).

3. Plaintiff testified that his employer's workmen's compensation carrier had paid all of his medical expenses. The representative of the compensation carrier identified numerous medical bills incurred in connection with plaintiff's injuries, orally describing the contents thereof, and testified that his company had paid all of them. There was no objection to this testimony by defendants. However, when formally offered, these exhibits were

admitted over the objection of defendants. The trial court charged the jury that if the jury found the defendant liable to plaintiff, the plaintiff would be entitled to recover a reasonable amount for medical expenses incurred and the jury must look to the evidence to determine the amount of these expenses. The grounds for objection to the evidence contained in the exhibits as well as the instruction were that the expenses had been paid by another person and that plaintiff has no right to recover for these medical expenses as they represent no loss on his part. Compensation under the Workmen's Compensation Act is similar in character to benefits under an insurance policy, and its receipt by an injured employee can afford no ground upon which a third person who negligently injures another should escape liability, either wholly or in *part. Hotel Equipment Co. v. Liddell,* 32 Ga. App. 590 (124 SE 92). This issue is analogous to those considered in *Thompson v. Milam,* 115 Ga. App. 396 (154 SE2d 721) and *Partridge v. Lee,* 116 Ga. App. 800 (159 SE2d 113) where we held that a plaintiff's receipt of payment of his loss from a third party is not relevant in a suit against a tortfeasor. Plaintiff's medical expenses were paid as a result of the operation of a provision of the Workmen's Compensation Act. *Code Ann.* § 114-501. Workmen's compensation benefits, to include payment for medical expenses, are required by law to be furnished the employee by his employer. The payment of the medical expenses from this source is not in any manner connected with the defendants and is of no concern to them. Hence, the trial court did not err in admitting this evidence or in charging the jury on the subject of recovery of reasonable medical expenses.

*Judgment affirmed. Quillian and Whitman, JJ., concur.*
ARGUED JUNE 1, 1970—DECIDED SEPTEMBER 9, 1970—
REHEARING DENIED SEPTEMBER 29, 1970.

*Robert E. Knox, Fulcher, Fulcher, Hagler, Harper & Reed, E. D. Fulcher, A. Montague Miller,* for appellants.
*Robert P. Wilson, Albert H. Dallas,* for appellee.