## 60273. PIRKLE v. TRIPLETT.

CARLEY, Judge.

The instant appeal is before us pursuant to the final disposition of appellant's motion for judgment n.o.v. mandated in *Pirkle v. Triplett,* 153 Ga. App. 524 (265 SE2d 854) (1980). The relevant facts are as follows: Appellee discovered that some of his cattle were not in the pasture where they were authorized to be but were on the adjacent property where appellee had no permission to pasture cattle. Access between the two pastures was possible through a gate. Somehow, without appellee's knowledge or authorization, his cattle had strayed or been moved into the unauthorized pasture. As appellee was attempting to herd his cattle back through the gate and into the authorized pasture, several of them jumped the fence and ran off. Appellee immediately went to his truck and attempted to locate the cattle. In the course of his search appellee was informed that the cattle had been seen entering the woods. Appellee parked his truck and entered the woods at the location where the cattle were reported. The search, however, ended unsuccessfully at dark. That night appellee checked to determine if the missing cattle had returned to the pasture on their own. They had not.

The following morning appellee and his son searched from dawn until two or three o'clock in the afternoon without discovering the cattle. Appellee then began to inquire around the neighborhood, passing out pieces of paper containing his name, telephone number and descriptions of the cattle and asking for information. That night a check of the pasture was made again but the cattle had not returned. Appellee continued his search on the following day without success. The after-dark visit to the pasture was repeated to no avail.

The next day was Monday and appellee went to his job as usual, working until 3:30 in the afternoon. He then returned to the search. That evening a neighbor reported seeing some cattle and appellee drove to the location and discovered four of his cattle there. He began to herd them back toward his property and was successful in driving three of the cattle back into his own pasture. One, however, had veered off in an opposite direction during the roundup and had avoided capture. After penning the three, appellee returned to look for the one which remained at large. After darkness ended the search, appellee secured the promise of a neighbor to assist the next evening in locating the missing animal. That evening another inspection of the pasture revealed that the lone animal had not returned.

In the early morning hours of the following day, as appellant was driving down the highway he "noticed that something came out of the side of the road [but] didn't have time to stop." Appellant's vehicle

struck appellee's bull, overturning the car and resulting in the death of the animal and injury to appellant. The instant action was instituted by appellant to recover for the damages sustained in the collision. The case proceeded to trial, the jury returned its verdict for appellee and judgment was entered thereon. This appeal is brought from the denial of appellant's motions for new trial and judgment n.o.v.

1. Appellant asserts error in the denial of his motion for directed verdict as to appellee's "liability" and the denial of his motion for judgment n.o.v. The denial of his motion for new trial on the general grounds is also enumerated as error. "In cases where in a stock-law county a person is injured or damaged by livestock straying or running at large, there arises a permissible inference authorized prima facie by the mere fact of the running at large by the animal that the owner of the livestock was negligent in allowing the stock to run at large or stray, but when the owner introduces evidence which would authorize a finding that he had exercised ordinary care in the maintenance of the stock, that permissible inference disappears." *Porier v. Spivey,* 97 Ga. App. 209, 211-212 (102 SE2d 706) (1958). Appellant's right to recover depends upon all of the evidence in the case and appellant cannot rely solely upon the prima facie proof that he was injured by striking appellee's bull on the highway. *Law v. Halsey,* 109 Ga. App. 379 (136 SE2d 161) (1964). The evidence in this case was sufficient to authorize the jury to find that the bull did not stray or run at large on the morning in question as the result of appellee's negligence. *Porier v. Spivey,* supra. It was, therefore, not error to deny appellant's motions. *Law v. Halsey,* supra; *Green v. Heard Milling Co.,* 119 Ga. App. 116 (166 SE2d 408) (1969).

2. Appellant urges that it was error to instruct the jury that appellee was under a duty to exercise ordinary care, the contention being that appellee's duty was to exercise extraordinary care. There is no merit in this argument. *Porier v. Spivey,* 97 Ga. App. 209, 214 (4), supra.

3. Appellant enumerates error in the giving of a charge on "accident." It is urged that an instruction on "accident" was not authorized under the facts of this case. We do not agree.

" 'There is generally no liability for an unavoidable accident, which is defined as one which under all the circumstances could not have been prevented by the exercise of reasonable care.' [Cit.] 'In its proper use the term "accident" excludes negligence; that is, an accident is an event which occurs without the fault, carelessness, or want of proper circumspection of the person affected, or which could not have been avoided by the use of that kind and degree of care necessary to the exigency and in the circumstances in which he was

placed.' [Cits.]" *Ware v. Alston,* 112 Ga. App. 627, 631-632 (145 SE2d 721) (1965). "The principle of law relating to the theory of accident can only apply when under some theory of the case the injury is the result of the negligence of neither of the parties, but is a mere casualty due to the negligence of no one. [Cit.]" *Harper v. Hall,* 76 Ga. App. 441, 447 (46 SE2d 201) (1948).

The instant collision between a vehicle under the direct control of appellant and appellee's bull differs, of course, from the more typical collision between two vehicles, both of which are or should be at the relevant times under the direct control of the operators. However, appellee's alleged negligence with reference to the collision consists of the loss of control over his animal and the failure to regain that control resulting in the animal's presence on the highway. Thus we see no reason why the instant collision may not be analogized to one which occcurs between two "instrumentalities" over which the parties are required in the exercise of ordinary care to be in control. This being the case, there was evidence here, as in *Ware v. Alston,* 112 Ga. App. 627, supra, and *Jackson v. Martin,* 89 Ga. App. 344 (79 SE2d 406) (1953), that the loss of control over the bull and the failure to have the animal properly penned at the time of the collision were for reasons other than appellee's failure to exercise ordinary reasonable care in this regard. *Porier v. Spivey,* 97 Ga. App. 209, supra. Compare, e.g., *Cohran v. Douglasville Concrete Prod.,* 153 Ga. App. 8 (264 SE2d 507) (1980); *Compher v. Ga. Waste Systems,* 155 Ga. App. 819 (1980). There was also evidence that appellant's collision with the bull was not the result of a failure to exercise due diligence for his own safety. *Brown v. Mayor &c. of Athens,* 47 Ga. App. 820 (171 SE 730) (1933). Thus there was evidence which would authorize a finding that the collision and resulting injuries occurred even though neither appellant nor appellee was negligent with regard thereto. *Baggett v. Jackson,* 79 Ga. App. 460 (54 SE2d 146) (1949). Since the evidence supported a finding that the collision was "an unintended occurrence which could not have been prevented by the exercise of reasonable care" the trial judge did not err in charging on accident. *Brewer v. Gittings,* 102 Ga. App. 367, 376 (116 SE2d 500) (1960).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED JULY 10, 1980 — DECIDED OCTOBER 3, 1980.

*Maylon K. London,* for appellant.
*Troy R. Millikan,* for appellee.