61836. AUTO RENTAL & LEASING INC. v. BLIZZARD et al.

BIRDSONG, Judge.

Larry K. Blizzard d/b/a Blizzard Transportation Company formed a truck shipping line for the purpose of hauling U. S. mail for the postal department. Blizzard and Joel Walderman were brothers-in-law and both lived in Baltimore, Md. Walderman also was the president of Surety-Bond Underwriters. The evidence authorized the jury to conclude that Walderman and Blizzard discussed the possibility of forming a truck line but needed expert help in its formation. One Walsh was experienced in the daily operation of truck hauling of mail. Walderman and Walsh were acquainted. Walderman, Walsh and Blizzard made arrangements to bid on post office mail runs. Armed with contracts awarded by the Post Office Department, Blizzard, Walsh, and Walderman went to appellant Auto Rental & Leasing to rent tractors and trailers to be used for moving the mail. When Blizzard was unable to show sufficient net worth to satisfy Auto Rental that he (Blizzard) was financially responsible, a "performance bond" was discussed as an alternative to net worth. Walderman as president of Surety-Bond was a general agent for Dependable Insurance Co. Dependable had issued special and limited powers of attorney to Walderman and his business partner, Kravetz, authorizing them to write surety bonds on contracts where the Small Business Administration guaranteed the loan, up to an amount of $500,000. With Walderman acting as the financial backer, Walsh acting as the business manager, and Blizzard as the "front man," Auto Rental accepted a contract with Blizzard d/b/a Blizzard Transportation Co. Walderman issued "performance bonds" on Blizzard with Dependable Insurance Co. as the bonding

company in the amounts of $84,000, $50,000 and $2,500. These bonds were issued in Georgia where Walderman had no authority to issue bonds, utilized a modified power of attorney which had not been issued or approved by Dependable and used a modified and unofficial corporate seal of Dependable Insurance Co. No record of these bonds was entered in the files of the agent Surety-Bond Underwriters nor in the files of Dependable Insurance Co. Neither the agency nor the principal was aware that Walderman had issued the bonds. No premium was ever paid by Blizzard for these bonds.

During the life of the lease with Auto Rental, Blizzard Transportation incurred leasing costs of about $1000 per day. Because the overhead costs exceeded the income from the postal delivery contracts, Blizzard soon became seriously in arrears. Ultimately Blizzard (who had incorporated as Blizzard Trans-portation after the lease agreement) was unable to proceed and Auto Rental commenced to repossess its tractors and trailers. Auto Rental filed a complaint against Blizzard and obtained a $134,000 default verdict against Blizzard. Blizzard filed bankruptcy. In that same complaint Auto Rental sought to recover on the $84,000 and $50,000 bonds issued by Dependable Insurance Co. and sought satisfaction against Walderman and Kravetz in their personal capacities as officers of Surety-Bond and against the entity Surety-Bond. Kravetz was dismissed as a party defendant and after a jury trial, judgment was rendered against Walderman for the principal amount of the bonds plus interest in the amount of $168,833.86. The jury found in favor of Dependable and Surety-Bond. Auto Rental brings this appeal enumerating 28 alleged errors. *Held:*

1. Dependable Insurance Co. and Surety-Bond defended on the premise that Walderman had forged a power of attorney unlawfully increasing his powers as a general agent and armed with that false power of attorney had issued the two "performance bonds" to aid a company in which he had a financial interest. Auto Rental was aware that Blizzard and Walderman were related and that Walderman was the financial backer for Blizzard and Blizzard Transportation Co. Yet Auto Rental argues in this case that it was entitled to rely upon Walderman's assertions that he was a general agent and that he had authority to issue the two performance bonds in question without any further consideration by Auto Rental of that authority by additional inquiry. That argument proceeds upon the authority of the case of *Independence Indemnity Co. v. Industrial Realty Co.,* 46 Ga. App. 637 (168 SE 122). In that case the surety had issued a valid power of attorney to its agent. The surety later revoked the power. Nevertheless, pursuant to the original and facially still valid power of

attorney, the agent issued a bond within the ostensible powers of the power of attorney. This court held in effect that because the bond was based upon an otherwise valid (except for revocation) power of attorney and the bond was within the announced powers granted by that power of attorney, the surety was bound. We find the instant case to be radically different. The power of attorney in this case was a forged document and the bond itself was not within the powers of the valid power of attorney issued to the surety's agent. The *Independence Indemnity* holding, supra, clearly is distinguishable and is not controlling in the present case.

2. In its first three enumerations of error, Auto Rental urges the general grounds. We not only find the evidence sufficient to support the jury's verdict and the judgment of the court, but would find it unconscionable had a verdict been rendered against Dependable or Surety-Bond based upon the use of forged documents as authority to issue bonds which had never been within the agent's general or specific authority, and which the authorized agent, Surety-Bond and the surety, Dependable, had never had any knowledge and for which no premium was ever paid. We conclude that a verdict was indeed demanded in favor of Dependable and Surety-Bond. See *Sunset Villa v. Mothner-Simowitz Ins. Agency,* 135 Ga. App. 706 (218 SE2d 463).

3. In the next five enumerations of error (4-8) Auto Rental argues that the trial court erred in refusing the admission of evidence. Most of this evidence dealt with the financial status and net worth of Dependable and Surety-Bond. One enumeration concerned itself with the business card of Walderman showing his connection with Surety-Bond and one enumeration concerned itself with the third bond, which was in the amount of $2,500.

The trial court did not err in refusing into evidence the business standing or net worth of the defendants on the issue of liability. Evidence of net worth generally is both irrelevant and prejudicial on the issue of liability. *Northwestern University v. Crisp,* 211 Ga. 636, 641 (2) (88 SE2d 26). Moreover, the business card showing Walderman as connected with Surety-Bond was at most cumulative for evidence was admitted without objection that Walderman was president of Surety-Bond. See *Smith v. Hornbuckle,* 140 Ga. App. 871, 880 (232 SE2d 149); *Holmes v. State,* 148 Ga. App. 817 (253 SE2d 237). Lastly, we find no error in the refusal to admit the $2,500 bond. Auto Rental did not include a claim for that bond in any of its counts as a recoverable item. It was not included in the pre-trial order. When appellant sought to introduce the bond and amend the pleadings based upon the evidence presented, the only argument offered was that the evidence would show a course of conduct and was admissible for that purpose. It is only on appeal and in its brief that appellant

seeks to argue that at least as to Walderman the amount of its recovery could be increased by $2,500. In the first place, there was an objection to the admission of the evidence, thus it cannot be argued that the claim was tried with the express or implied consent of the parties, or that the pleadings were modified by amendment back. CPA § 15b (Code Ann. § 81A-115 (b); *Burger King Corp. v. Garrick,* 149 Ga. App. 186 (253 SE2d 852). Moreover, a reason urged that evidence should have been admitted which is different from that urged below will not be considered on appeal. *Argonaut Ins. Co. v. Head,* 149 Ga. App. 528, 531 (254 SE2d 747). This is consistent with the rule that if the objection made is not good or is made for the first time on a motion for a new trial or upon appeal, this court as an appellate court being empowered only for the correction of errors committed in the trial court will not set aside the verdict on account of the ruling on such evidence. *Starr v. State,* 229 Ga. 181, 183 (190 SE2d 58).

4. In Enumerations 9 through 12, Auto Rental complains that the trial court erred in refusing to give four of its requested charges. Each of these charges referred to an aspect of Walderman's relationship to Dependable or Surety-Bond as general agent or principal officer and Walderman's power to bind his principal. These charges have relevance and validity to the factual situation of this case only if the principles enunciated in *Independence Indemnity Co. v. Industrial Realty Co.,* supra, are applicable. As indicated in Division 1 of this opinion, that decision is clearly distinguishable and not controlling. While we have no quarrel with the legal principles of that case, they have no application to an officer of a corporation who acts in a fraudulent manner relying on forged documents, in a matter in which he is personally interested and a matter of which his own corporation and his principal, the surety, have no knowledge and never consented to or in which they never acquiesced. In short, the requested charges, though stating correct principles of law, were not pertinent to the issues raised by the evidence nor were the requested charges adjusted to the facts presented by Walderman's activities. In such circumstances, it was not error to refuse the charges requested by appellant. *Roberson v. Hart,* 148 Ga. App. 343, 345 (251 SE2d 173); *Gates v. Southern R. Co.,* 118 Ga. App. 201, 204 (162 SE2d 893).

5. In the next sixteen enumerations, Auto Rental complains that the trial court erred in giving six charges requested by Surety-Bond and ten charges requested by Dependable. In essence, the charges requested by Surety-Bond related to the effect of Walderman's ultra vires acts and the non-binding nature of those acts in the absence of knowledge or acquiescence by Surety-Bond. We have examined each of these six requested charges given by the court

and find each to be appropriate to the legal principle involved and adjusted to the facts.

The ten charges requested by Dependable have also been carefully examined. Auto Rental complains that the evidence did not give rise to some of those requests. However, by changing the debtor's capacity from an individual (Blizzard d/b/a Blizzard Transportation) to a corporation without ever informing Dependable of these changes does give rise to an issue of the change of the status of a principal, thus discharging the surety.

Auto Rental in its negotiations with Blizzard, Walderman and Walsh was reasonably placed on notice as to the propriety of the surety bonds. Thus, a charge on good faith by Auto Rental was reasonably raised by the evidence as was a charge on Auto Rental's required skepticism as to Walderman's authority and status. Evidence was presented that after Auto Rental repossessed its tractors and trailers, it allowed them to sit for a substantial period of time, thus giving rise to an issue of mitigation of damages. Likewise, an issue of forged documents was presented to the jury; thus, we find a charge on the definition of forgery to be legally correct and adjusted to the evidence.

Also, it is clear that no premium was ever paid for the surety bonds; thus, it hardly behooves Auto Rental to object to a charge on an uncompensated surety. Our examination of each of the charges reflects that there is indeed evidence to authorize them. We find no merit to any of the enumerations dealing with the giving of the requested charges.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 14, 1981.

*A. M. Wilkinson, Jr., J. M. Grubbs.,* for appellant.
*J. Ed Seagraves, Steve J. Davis,* for appellees.