## 67123. FRED F. FRENCH MANAGEMENT COMPANY, INC. et al. v. LONG.

BIRDSONG, Judge.

This is a slip-and-fall case in which the defendants appeal a verdict for the plaintiff. The jury found the appellants liable for injuries received by the plaintiff as she exited an office building elevator onto a freshly mopped and wet floor, and immediately, or within two or three steps, slipped and fell back. *Held:*

1. Appellants contend the trial court erred in refusing to charge legal accident to the jury upon request. We find no error. A requested charge of accident is required if, " 'under some theory of the case the injury is the result of the negligence of neither of the parties, but is a mere casualty due to the negligence of no one.' " *Pirkle v. Tripplett,* 155 Ga. App. 945, 947 (274 SE2d 59). " ' "There is generally no liability for an unavoidable accident, which is defined as one which under all the circumstances could not have been prevented by the exercise of reasonable care." ' [Cit.] "In its proper use the term 'accident' excludes negligence; that is, an accident is an event which occurs without the fault, carelessness, or want of proper circumspection of the person affected, or which could not have been avoided by the use of that kind and degree of care necessary to the exigency and in the circumstances in which he was placed." ' " *Pirkle,* supra, pp. 946-947.

The appellant's evidence in this case is that there were "wet floor" warning signs placed about two feet outside the elevator doors, and that the maintenance man and elevator operator hollered "Whoa," or "Wet Floor," immediately when the elevator doors opened and appellee and her two companions proceeded to step onto the wet floor. The plaintiff's and her companions' testimony is that there were no "wet floor" warning signs, there was no maintenance man present mopping the floor and no one uttered a warning, and that Mrs. Long's fall occurred almost immediately as she exited the elevator before she noticed or had an opportunity to notice that the floor was wet. It is undisputed that her fall was caused by her slipping on the wet floor.

Under either version of the evidence, appellee's fall was not an "unavoidable accident which . . . could not have been prevented by the exercise of reasonable care. . . ." *Pirkle,* supra, p. 947. There is no dispute that the floor was wet, and there is no dispute that Mrs. Long did not see that the floor was wet until she slipped and fell. Either Mrs. Long was properly warned and still proceeded onto the floor and fell because of her own "fault, carelessness or want of proper circumspection . . . [and failure to use] that kind and degree of care

necessary to the exigency and in the circumstance in which [she] was placed." (*Pirkle,* supra, pp. 946-947); or she was not warned of the wet condition of the floor immediately outside the elevator doors, and her injury could not have been avoided by herself but was caused by the appellants' failure to exercise reasonable care, alone; or Mrs. Long's injury was caused by appellants' failure to exercise reasonable care mixed with her own failure to use due diligence. See, similarly, *Everett v. Clegg,* 213 Ga. 168, 171 (97 SE2d 689).

The jury was fully charged as to the plaintiff's burden of proof and her own duty of care; as to proximate cause, contributing cause, and preponderance of the evidence; and that there is no presumption of negligence on the part of the defendants merely because the plaintiff fell.

Moreover, the jury was specifically charged " . . . that there is no duty to warn a person of the existence of a condition when the person already knows of the existence of such condition, because the purpose of a warning is to supply a party with information which he or she is not presumed to have. There is no necessity to warn against the obvious." Despite these proper charges, the jury by their verdict evidently found that the defendants' negligence proximately caused Mrs. Long's injury, that is, that her injury could have been prevented with appellant's reasonable care (see *Pirkle,* supra); under the evidence in this case and the proper charges given, this verdict precludes any possibility of a finding of accident. See *Foist v. Atlanta Big Boy Mgt.,* 166 Ga. App. 304, 305 (304 SE2d 110).

2. Appellants contend the trial court erred in excluding cross-examination testimony concerning Mrs. Long's workers' compensation benefits after admitting direct testimony on other collateral sources. We disagree. There was no direct testimony by appellee on "other collateral sources" which might waive her right to object to similar evidence offered by the appellants as to permit a departure from the collateral source rule, as in *Bell v. Bell,* 210 Ga. 295 (79 SE2d 524). Mrs. Long's evidence was not as to collateral sources of benefits, which are generally inadmissible as irrelevant and prejudicial, but was as to *diminution* of benefits such as lost wages and pension benefits forfeited by early retirement, which are items properly admissible as components of damage.

The workers' compensation benefits were not admissible to show the cost of the appellee's medical care or other damages. The circumstances in *Garrison v. Rich's,* 154 Ga. App. 663 (269 SE2d 513) and *Mixon v. Lovett,* 122 Ga. App. 517, 518 (177 SE2d 826) argued by the appellants, are not pertinent to this case. In *Mixon,* supra, the plaintiff himself introduced the evidence of workers' compensation

benefits, and thereupon the defendant unsuccessfully argued that those benefits received from a third party should offset any liability of the defendant, so that *Mixon* itself is a clear confirmation of the collateral source rule. In *Garrison,* supra, the workers' compensation payments were offered and admitted for the purpose of impeachment and to show causation of the plaintiff's injuries. In this case, the collateral benefits were not offered for that purpose but rather it was expressly contended they were admissible because Mrs. Long had given evidence of other losses and thus waived her right to object. It is well settled that a reason urged that evidence should have been admitted, which is different from that urged below, will not be considered for the first time on appeal. *Auto Rental & Leasing v. Blizzard,* 159 Ga. App. 533, 536 (284 SE2d 47). Moreover, the appellee Mrs. Long did not deny that she had suffered another unrelated injury; she was fully questioned as to this unrelated injury and the jury was thus well enabled to distinguish the appellants' liability for her slip and fall without showing that she received collateral benefits for the other injury as impeachment and proof of causation. In all cases where the object sought to be proved can be proved without violation of a rule of evidence designed to prohibit prejudice, it should be done so, and the rule not broken unless by necessity, or where the merit of the evidence clearly outweighs its prejudice. (See *Gordon v. Gordon,* 133 Ga. App. 520, 521-522 (211 SE2d 374) for example of a case where the rule against prejudice was weighed against the object sought to be proved, and came out lacking.) Evidence of workers' compensation benefits made for an unrelated injury were not necessary to impeach Mrs. Long's testimony, because she admitted the unrelated injury and its effects; the merit of the collateral source evidence did therefore not outweigh its inherently prejudicial nature so as to justify violation of the rule against it.

3. The verdict for the appellee was supported by the evidence. The damage award of $40,000 was within the range of evidence, and not so excessive as to raise an inference of gross mistake or undue bias. Mrs. Long's evidence sought to prove that the chronic nerve damage and permanent disability to her left elbow and arm, and other injuries, cost her nearly $2,500 in medical bills and $12,500 in lost wages, and forced her into early retirement at a loss in projected pension benefits of nearly $200,000. Where the evidence authorizes a verdict, we will not disturb the fact-finder's discretion. *Williams v. Mathis,* 237 Ga. 305 (227 SE2d 378).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 30, 1983 —
REHEARING DENIED FEBRUARY 2, 1984 —

*William S. Goodman, Richard G. Farnsworth, James G. Jackson,* for appellants.

*Jack F. Witcher, Robert T. Weaver, Stephen E. Garner,* for appellee.