72883. BOATNER v. KANDUL.
(348 SE2d 753)

SOGNIER, Judge.

Phyllis Kandul brought suit against William Boatner seeking past due rent, property damages, punitive damages and attorney fees. Boatner answered and counterclaimed for trespass. Judgment was entered on the jury's verdict awarding Kandul $450 on her claim and $0 to Boatner on his counterclaim. The trial court denied Boatner's motion for a new trial and he appeals.

1. Appellee's motion to dismiss this appeal is denied.

2. We note that this is a direct appeal from a judgment involving $450. Although none of appellant's enumerations specifically addresses the counterclaim, they generally contend error in the judgment rendered by the trial court, which includes the zero verdict on appellant's counterclaim. Therefore, under *City of Brunswick v. Todd*, 255 Ga. 448 (339 SE2d 589) (1986), we must address this appeal.

3. Appellant contends the trial court erred by admitting testimony attacking appellant's character. Appellant objected to the question posed to appellee by her counsel whether appellant had had "any other type of addiction problems" on the basis that no proper foundation had been laid because there was "no evidence of any addiction problems." The trial court required appellee's counsel to rephrase the question and no objection was made to the subsequent testimony regarding appellant's cocaine addiction. The record thus reveals that the basis of appellant's objection to the admissibility of the evidence was not raised at trial and, therefore, we will not consider it for the first time on appeal. See *Auto Rental & Leasing v. Blizzard*, 159 Ga. App. 533, 536 (3) (284 SE2d 47) (1981).

4. Appellant contends the trial court erred by admitting evidence which placed appellant's veracity into issue and by denying his mo-

tion for mistrial made on the basis of this testimony. The record reveals that the objectionable statement was a voluntary remark of the witness not invited by court or counsel, that the trial court instructed the jury to disregard the remark and that no further mention of the matter was made. Since the remark was not so flagrantly prejudicial as to violate the fair trial rights of appellant, the trial court's discretion in denying appellant's motion for mistrial will not be overturned by this court. See *Holcomb v. State*, 130 Ga. App. 154, 155 (1) (202 SE2d 529) (1973); *Marlowe v. State*, 162 Ga. App. 37, 38 (1) (290 SE2d 136) (1982).

5. We find no merit in appellant's objection to the admission of a ledger book which contained financial records made by appellee at or near the time of the business transactions involving the rental property in question. OCGA § 24-3-14. See generally *Pope v. Triangle Chem. Co.*, 157 Ga. App. 386, 387 (2) (277 SE2d 758) (1981).

6. We have examined appellant's remaining enumeration of error and found it to be without merit.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 8, 1986.

William R. Boatner, *pro se.*
*Roy E. Barnes*, for appellee.