A90A0374. DUGGAN INSURANCE AGENCY, INC. v.
ALTSCHUL.
(394 SE2d 119)

SOGNIER, Judge.

Duggan Insurance Agency, Inc. brought suit against Steve Altschul seeking to recover commissions it had advanced Altschul prior to the termination of his employment at the insurance agency. Altschul counterclaimed for commissions to which he claimed entitlement, basing his claims on theories of quasi contract and quantum meruit. The jury found in favor of Altschul. The trial court denied Duggan Insurance Agency's motion for new trial and this appeal ensued.

1. In its fourth, fifth, and sixth enumerations, appellant contends the trial court erred by admitting into evidence certain commission statements and a summarized statement, or "recap" sheet, which had

been prepared by its employee based on these commission sheets. The record reveals, however, that it was appellee, not appellant, who objected to the admission of the "recap" sheet and asserted before the trial court that the commission statements should not be admitted because they were incomplete. This court will not consider objections not raised by the appellant on the trial of the case. *DeBoard v. Schulhofer*, 156 Ga. App. 158, 161 (273 SE2d 907) (1980); see also *Boatner v. Kandul*, 180 Ga. App. 234 (3) (348 SE2d 753) (1986). Regarding the sole objection properly made by appellant, even if we were to assume, arguendo, that the admission of the commission statements was error, the testimony of appellant's bookkeeper established that the "recap" sheet was compiled based on all the commission statements at issue. Since appellant raised no objection to the admission of the "recap" sheet, the admission of the commission statements presents no reversible error. See generally *Carter v. Ray*, 70 Ga. App. 419, 428 (3) (28 SE2d 361) (1943).

2. The trial court granted appellee's motion in limine to exclude testimony proffered by appellant from appellee's other employers in the insurance business that the service appellee had rendered his customers during his employment with them was not valuable. The trial court excluded this proposed testimony on the basis that appellee's conduct in transactions involving other employers was not relevant, see OCGA § 24-2-2, and would unduly prejudice the jury. Appellant contends this testimony was relevant and admissible as evidence that it was appellee's habit and custom not to provide his customers with quality service.

We find no error. First, the evidence proffered by appellant failed to indicate that the services provided by appellee to his other employers, while in the same line of business, were substantially similar to those rendered by appellee to appellant. See *Ware v. House*, 141 Ga. 410 (1) (81 SE 118) (1914). Second, even had it appeared from the evidence offered and excluded that the services were similar, while "evidence of collateral matters may throw some remote light on the main issues of the cases, it is nevertheless necessary that trial judges be vested with some discretion as to the admissibility of this type of evidence. Otherwise the whole course and progress of the trial could become converted to the determination of collateral issues rather than the main one." *Ludwig v. J. J. Newberry Co.*, 78 Ga. App. 871, 876 (2) (52 SE2d 485) (1949). The evidence tendered by appellant not establishing in any reasonable degree the facts in controversy, the trial court did not err by excluding this evidence. Id. Since a requested charge need be given only when it is pertinent and adjusted to the facts of the case, see *Sapp v. Johnson*, 184 Ga. App. 603, 605 (1) (362 SE2d 82) (1987), it follows that the trial court did not err by refusing to give the jury appellant's request to charge based on this

properly excluded evidence.

3. In several enumerations of error appellant contends the verdict was contrary to the evidence or the weight of the evidence adduced at trial. " ' "It is not the responsibility of this court to weigh the evidence in regard to the action brought. Our task is merely to determine if there is sufficient evidence to authorize the trial court's judgment. If there is any evidence to support the jury's verdict and the trial court's judgment, then all conflicts in the evidence will be resolved to favor the verdict." (Cit.)' [Cit.]" *Gold Kist v. Williams*, 174 Ga. App. 849, 850 (1) (332 SE2d 22) (1985). Appellee testified that when he began working for appellant, there was no agreement between them regarding appellee's entitlement to commissions generated on accounts created or serviced by appellee after appellee left appellant's employ. However, appellee testified that Leonard Duggan, the president of appellant, told him that appellant "would continue to credit my account," a statement which appellee testified meant that appellant would continue to pay appellee on his accounts after he left. Appellee testified that he estimated his damages based on the money due on his accounts for a one year time period after his departure. Appellee admitted that no agreement had been reached by the parties as to a specific time period for his commission to continue accruing, but explained that as it was his original efforts which generated the accounts on which appellant continued to receive payment, he considered a one year period to be reasonable. Appellee's reasoning and the figures he used to arrive at the amount of damages claimed, including the method by which appellee applied the deductions for amounts appellant claimed for servicing appellee's accounts upon his departure and the amounts appellant had advanced appellee, were detailed for the jury's consideration. Since appellee's claim sounded in quasi contract and quantum meruit, we cannot say that there was no evidence from which the jury could have decided that appellee was entitled to the recompense claimed, that the one year period after departure from appellant's employ was reasonable, and that the amounts to which appellee testified accurately reflected the value of his services over that time period. Accordingly, the trial court did not err by making the verdict the judgment of this court. See generally id.

4. Appellant having presented no argument or citation of authority to support his enumeration nos. 8, 9, 15, and 17, they are deemed abandoned pursuant to Rule 15 (c) (2) of the Rules of the Court of Appeals.

*Judgment affirmed. McMurray, P. J., concurs. Carley, C. J., concurs in Divisions 1 and 2 and in the judgment.*

DECIDED APRIL 30, 1990.

*Divine, Wilkin, Deriso & Raulerson, W. Douglas Divine,* for appellant.

*Bowles & Bowles, Jesse G. Bowles,* for appellee.