# Court of Appeals
# of the State of Georgia

ATLANTA,  March 05, 2018

*The Court of Appeals hereby passes the following order:*

**A18D0340.    MELISSA MOODY et al. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

Melissa Moody and Charles Moody filed suit against State Farm Mutual Automobile Insurance Company in state court.  Alleging that the defendant failed to properly pay them for their vehicle's diminished value, repair costs, and rental costs, the plaintiffs raised a claim for breach of contract and an insurer's bad faith claim.  The state court entered a directed verdict in favor of the defendant on the plaintiffs' bad faith claim based on diminished value.  The jury returned a verdict in the amount of $5,194 in favor of the plaintiffs on their breach of contract claim, and the state court entered judgment on the verdict.  The plaintiffs filed a motion for new trial, which the state court denied.  The plaintiffs then filed this timely application for discretionary review, in which they argue, inter alia, that the state court erred in entering the directed verdict on their bad faith claim based on diminished value.

The plaintiffs are entitled to a direct appeal.  OCGA § 5-6-35 (a) (6) requires discretionary applications for "[a]ppeals in all actions for damages in which the judgment is $10,000 or less[.]"  "OCGA § 5-6-35 (a) (6) sets out the correct method of appeal from monetary judgments ranging from one cent to $10,000."  *Robinwood, Inc. v. Baker*, 206 Ga. App. 202, 202 (1) (425 SE2d 353) (1992).[1]  However, it does

---

[1] In *Pathfinder Payment Solutions v. Global Payments Direct*, Case No. A17A1393, 2018 WL 796329, at *2 (Feb. 9, 2018), this Court disapproved of language in *Robinwood, Inc.*, that could be interpreted as suggesting a right of direct appeal in cases in which a judgment for less than $10,000 is rendered in favor of a defendant.  However, this Court reiterated that "OCGA § 5-6-35 (a) (6) applies to

not apply to zero judgments or judgments in which a party recovers nothing on its claim. See *Brown v. Assoc. Financial Svcs. Corp.*, 255 Ga. 457, 457 (339 SE2d 590) (1986); *Smith v. Curtis*, 226 Ga. App. 470, 470 n.1 (486 SE2d 699) (1997). Here, because the plaintiffs challenge in their application the directed verdict in favor of the defendant on their diminished value bad faith claim, they are entitled to a direct appeal. See *Robinwood, Inc.*, 206 Ga. App. at 202-203 (1) (the plaintiff could file a direct appeal where the trial court directed a verdict for the defendant on the plaintiff's claim and issued a judgment of $86.50 in favor of the defendant on the defendant's counterclaim); *Honester v. Tinsley*, 183 Ga. App. 146, 147 (1) (358 SE2d 295) (1987) (OCGA § 5-6-35 (a) (6) did not apply where the trial court issued a $100 judgment in favor of the plaintiff and denied the defendant's counterclaim, and the defendant challenged the denial of her counterclaim on appeal); *Boatner v. Kandul*, 180 Ga. App. 234, 234 (2) (348 SE2d 753) (1986) (the defendant could file a direct appeal where the judgment included both a zero verdict on his counterclaim and an award of $450 in favor of the plaintiff).

---

actions in which the judgment at issue is from one cent through $10,000 but does *not* apply to so-called 'zero judgments' or situations of 'zero recovery.'" Id. (Footnote omitted; emphasis in original.).

Under OCGA § 5-6-35 (j), this Court will grant an otherwise timely discretionary application if the trial court's order is subject to direct appeal. Accordingly, the plaintiffs' application is hereby GRANTED. The plaintiffs shall have ten (10) days from the date of this order to file a notice of appeal with the state court. If, however, they have already filed a notice of appeal, they need not file a second notice. The state court is DIRECTED to include a copy of this order in the appellate record.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* __03/05/2018__
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____, *Clerk.*